**G. Stephen WALTERS, Plaintiff,**

v.

**The Honorable M.C. HERRICK,
Defendant.**

**No. 83–544.**

Supreme Court of Iowa.

July 18, 1984.

G. Stephen Walters, pro se, of Webster, Jordan, Oliver & Walters, Winterset.

Thomas J. Miller, Atty. Gen., Sherie Barnett, Asst. Atty. Gen. and John W. Criswell, County Atty., for defendant.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, LARSON and CARTER, JJ.

HARRIS, Justice.

Plaintiff, an attorney, was appointed to represent an indigent criminal defendant at public's expense. Upon completion of his work, fees were fixed by a trial court order pursuant to Iowa Code section 815.7 (1981). Plaintiff brings this certiorari action from that order, asserting the defendant trial court, M.C. Herrick, judge, acted illegally in that the fees were not fixed in accordance with our majority holding in *Hulse v. Wifvat*, 306 N.W.2d 707 (Iowa 1981). We annul the writ.

Plaintiff was at first privately retained to represent Donald Folck to defend him from charges of kidnapping and sexual abuse. On March 7, 1981, Folck was found guilty of first-degree kidnapping and third-degree sexual abuse. On March 16, plaintiff was appointed to represent Folck in subsequent proceedings at public expense.

After his appointment plaintiff investigated possible jury misconduct and a recantation by a prosecution witness. He filed post trial motions, represented Folck on appeal, in a postconviction relief proceeding, and in the appeal from the postconviction decision. The appeals were consolidated and Folck's conviction of third-degree sexual abuse was reversed. *See State v. Folck*, 325 N.W.2d 368, 377 (Iowa 1982).

After the consolidated appeals were decided plaintiff filed a request for attorney fees, claiming 231.3 hours of work following his appointment on March 16.[1] He requested payment at $75 per hour, a total of $29,146.08. Plaintiff also filed a statement supporting his request, describing the

---

1. Plaintiff listed an additional 152.4 hours for his services before his formal appointment but does not pursue this part of the claim in this certiorari action.

services performed, and discussing the standards for fixing attorney fees.

Prior to his conviction Folck paid plaintiff $2,000. This $2,000 was first applied to reimburse $775 of out-of-pocket litigation costs. The remaining $1,225 was applied to cover 24.5 hours of legal services at $50 per hour.

At the hearing on the fee application the trial court said it examined plaintiff's request and supporting statement. It then received copies of the written work in the Folck case and heard testimony from the Warren county attorney. After hearing arguments from the county attorney and plaintiff, the court made the following comments:

The court has a duty under the law to determine and fix reasonable fees for necessary services to indigent defendants and the matters to be considered by the court have been set forth in numerous opinions that I know are familiar to counsel, including the most recent case of *Hulse v. Wifvat.* In this case the claim presented by defense counsel is for a total of 388.20 hours at $75 an hour, or a total in excess of $29,000. And, while this is an important case, a class A felony, (I feel counsel is entitled to more compensation because of the responsibility involved) the court is still limited to allowing what is a reasonable and necessary fee for such services. I noticed recently that the public defender's office of Polk county was considering the employment of experienced defense counsel at the rate of $30,000 per year, and, of course, while it is a different situation, it points up the fact that to allow almost that amount in this case for services in one appeal would be completely excessive and unreasonable.

The court has to look, not only at the total hours that are involved, but the experience of counsel and the reasonable necessary hours that would have been used on the average by experienced, competent attorneys in these matters. Now, if this case involved only an appeal, the court would feel a fee in the realm of $3,000 to $4,000 would be reasonable, customary, and to be expected. We do have here, of course, additional services in connection with postconviction hearing and the appeal on that issue which are involved and for which counsel is entitled to be paid.

The court does feel, of course, that the time spent here while counsel is privately retained prior to his court appointment on the appeal by Judge Frederick—that was March 16, 1981—any services prior to that day would have been the obligation of the defendant, personally, and can not be allowed by the court to be paid by the county.

Taking into account all the factors which the court has to consider and the fact that there is not only the services for the appeal, but the postconviction hearing and appeal on that issue,' the court feels that a reasonable fee for the necessary services should not exceed $5,000, and the court is going to fix and approve a fee in that amount.

I. Our scope of review depends on what part of the challenge is being considered. Plaintiff's assertion that an incorrect legal standard was applied is reviewed on error. When an incorrect standard is applied we remand for new findings and application of the correct standard. *Hulse,* 306 N.W.2d at 712. When a correct legal standard is applied our review is greatly circumscribed; we affirm unless the trial court's discretion "was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Mathison v. Young,* 333 N.W.2d 477, 478 (Iowa 1983) (quoting *State v. Buck,* 275 N.W.2d 194, 195 (Iowa 1979)). *See also Parrish v. Denato,* 262 N.W.2d 281, 284 (Iowa 1978) ("The scope of our review by certiorari in matters of this type is not de novo.").

II. Iowa Code section 815.7 (1983), so far as material here, provides:

An attorney appointed by the court to represent any person charged with a crime in the state shall be entitled to a reasonable compensation which shall be the ordinary and customary charges for

like services in the community to be decided in each case by a judge of the district court, including such sum or sums as the court may determine are necessary for investigation in the interests of justice and in the event of appeal the cost of obtaining the transcript of the trial and the printing of the trial record and necessary briefs in behalf of the defendant.

In *Hulse*, 306 N.W.2d at 709, we set forth the standards to be applied in determining "reasonable compensation" under the statute. We said the determination necessary involves a two-part inquiry:

Two elements inhere in any standard providing for reasonable attorney fees. Both the necessity and valuation of the services must be determined. The services must have been reasonably necessary and the valuation must be reasonable in amount.

■ As to the first inquiry, we went on to point out the trial court is required to exercise independent judgment in determining, with the benefit of hindsight, what part of the services were useful in the client's defense. In doing so we said the trial court must recognize the high standard of diligence and preparation demanded of counsel. *Id.* at 709–10.

With regard to valuation of services we interpreted section 815.7 to require full compensation. We said "no discount is now required based on an attorney's duty to represent the poor." *Id.* at 711. We also said:

Although we recognize the convenience of a fixed rate of compensation based on time expended, a rigid adherence to that method of valuation ignores the other factors which must be considered in determining reasonable compensation. True uniformity in compensation can be achieved only when all of the variables affecting reasonableness are considered.

*Id.* at 712.

■ The factors affecting reasonableness are the time necessarily spent, the nature and the extent of the service, the possible punishment involved, the difficulty

of handling and importance of the issues, responsibility assumed and results obtained, the standing and experience of the attorney in the profession, the customary charges for similar services to non-indigent clients, and the certainty of payment from the public treasury. *Id.* at 711–12.

■ It was not incumbent upon the defendant court to demonstrate compliance with *Hulse*. The burden of proof is upon the plaintiff to establish the trial court did not apply the *Hulse* standard. *In re Estate of Meyers*, 269 N.W.2d 127, 129 (Iowa 1978) ("the burden is upon the applicant for fees to prove the services were reasonably necessary and the charges are reasonable in amount").

Plaintiff offered proof of the time he expended on the case and sought to show a reasonable value of $75 an hour for his services. Under the *Hulse* standard the district court was required to evaluate whether all the time expended was reasonably necessary and to determine the amount of the fee in the light of all of the relevant factors. As we explained in *Mathison:*

In making that determination [the court] is not bound to award the amounts claimed. The claims are based on a rigid hourly rate rather than the characteristics of the services, which vary from case to case. While we recognize the convenience of determining fees based on time alone, that approach is not only simplistic but contrary to our holding in *Hulse* that time expended is only one of the factors to be considered in determining reasonable compensation.

333 N.W.2d at 481.

■ Full compensation means an amount sufficient to pay counsel for the actual value of reasonably necessary services in the particular case. It does not guarantee payment at a fixed hourly rate for all time expended. In determining the fee the court must look at the whole picture and decide on a total fee that is appropriate for handling the complete case under the *Hulse* standard.

We find nothing in the court's remarks at variance with its expressed reliance on the *Hulse* standard. Plaintiff points to the court's interest in the annual salary of a public defender, $30,000. We however think the fee allowance was not controlled by that observation. In each reference to appellate and public defenders' fees, the court acknowledged it was aware that the fees of these attorneys are different from those of private practitioners. The court indicated $3,000 to $4,000 would be reasonable and customary for the appeal, even though the evidence it received indicated the appellate defender's office received only $700 to $800 for each appeal. The court received evidence of the rates charged by the attorneys in the community and the rates normally paid to court-appointed counsel. And the court acknowledged that the factors to be considered are found in *Hulse*.

Plaintiff points to a number of other matters in support of his contention that *Hulse* was violated. He asserts there is a systematic practice in the county under which judges allow fees in felony cases at a flat $40 per hour rate. The record here does not show that such a practice, if it exists, affected the allowance of the fee.

We conclude the plaintiff has failed to demonstrate that the defendant court applied an incorrect legal standard.

III. The question then becomes whether the court abused its discretion in fixing the $5,000 amount. Plaintiff made an extensive showing to support his assertion that all expended hours were necessary. The county attorney, on the other hand, contended that almost six solid weeks were billed for research and briefing for the appeal and postconviction proceedings. He contended this was excessive, especially in view of the fact that plaintiff was also the trial counsel.

The court here obviously determined that not all hours expended were compensable. Such a finding, even if we were to disagree with it, would not mean the procedure was flawed. Nor do we have any basis for

finding an abuse of discretion in the application of other relevant factors. The question, as we have said, is whether the plaintiff demonstrated that the court abused its discretion in fixing the lump sum value of the services. Whether or not the fee could have been set higher, there is no showing of an abuse of discretion.

WRIT ANNULLED.