Paul D. LUNDE, Plaintiff,

v.

Judge Dale E. RUIGH and The Iowa District Court for Story County, Defendants.

No. 83–1091.

Supreme Court of Iowa.

Oct. 17, 1984.

Paul D. Lunde, Ames, pro se.

Mary Richards, County Atty., for defendants.

Considered by REYNOLDSON, C.J., and HARRIS, McCORMICK, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

This is an original certiorari action brought in this court to challenge the amount of attorney fees awarded to a court-appointed attorney in a contempt proceeding.

The plaintiff, Paul D. Lunde, is an attorney who represented Jerry D. Skinner in a contempt proceeding in the Iowa District Court for Story County growing out of a domestic relations child support decree. Such representation by attorney Lunde (hereafter plaintiff) was pursuant to court appointment following a finding of indigency on the part of Jerry D. Skinner and a "predictive evaluation" by the district court that a jail term might result. *See McNabb v. Osmundson*, 315 N.W.2d 9, 14 (Iowa 1982).

The contempt proceeding in the district court produced a finding that plaintiff's client, Jerry D. Skinner, was in contempt for failure to pay court-ordered child sup-

port and a jail sentence was imposed as punishment. Upon record entry of that judgment, plaintiff filed on behalf of Skinner an original certiorari action in this court seeking to establish illegality in the district court's findings and order for punishment in the contempt proceeding. In that action, plaintiff also asked on behalf of Skinner an order appointing counsel to represent him in this court. We granted the petition for certiorari and appointed the office of the State Appellate Defender to represent Skinner in prosecuting the original certiorari action. Our decision on the merits of that certiorari action upheld the finding of contempt which had been made by the district court and upheld the jail sentence which had been imposed on Skinner. *See Skinner v. Ruigh*, 351 N.W.2d 182 (Iowa 1984).

The present original certiorari action seeks review of the order of district judge Dale E. Ruigh (hereafter defendant or defendant judge) allowing fees and related expenses to plaintiff for (a) his representation of Skinner in the district court contempt proceedings, and (b) his preparation and filing of Skinner's petition for writ of certiorari in this court. We consider these issues in inverse order.

I. *Fee Application for Representation of Contemner in the Preparation of a Petition for Writ of Certiorari.*

As has been noted, although plaintiff prepared the petition for writ of certiorari to this court in the *Skinner v. Ruigh* matter, all subsequent representation of Skinner in that matter was handled by the appellate defender's staff. Plaintiff's claim for fees in the certiorari action is therefore limited to the work expended in preparing and filing the petition and the necessary out-of-pocket expenses incident thereto.

In passing on this claim, the defendant judge did not doubt plaintiff's entitlement to fees for these services under the holding of *McNabb v. Osmundson*, 315 N.W.2d 9 (Iowa 1982), but believed that an order for payment of such fees could only be made under direction of this court. Accordingly,

the defendant judge awarded plaintiff no fees or expenses for the work undertaken on the petition for writ of certiorari.

The mechanics of appointing and compensating counsel for indigent persons who face imprisonment for contempt of court was established in our *McNabb* decision. The district court is to make such appointments based on a finding of indigency and a "predictive evaluation" that there is a likelihood of imprisonment. *Id.* at 14. The district court is to fix and order the compensation for such court-appointed counsel using the guidelines of Iowa Code section 815.7. *Id.* at 17.

In *McNabb*, we appointed, albeit retroactively, the counsel who represented the contemner in the certiorari action. Such procedure was rendered necessary in that case due to its seminal nature in the creation of a right to counsel for indigent contemners who face imprisonment. We deem it more appropriate as a general rule, however, that all appointments of counsel, even for proceedings in this court, be made by the district court. This is consistent with the provisions of Iowa Rule of Criminal Procedure 26.1(1) which applies to criminal appeals. If the district court fails or refuses to appoint counsel when requested to do so, application for appointment of counsel may then be made to this court.

It would be unduly harsh to deny plaintiff reasonable compensation for time and expense incurred in preparing the petition for certiorari in the present case simply because he applied to the wrong court for appointment. We therefore sustain the writ only for purposes of directing the district court to make a determination of such fees and expenses following issuance of procedendo in this action.

II. *Fee Application for Representation of Contemner in the District Court.*

Plaintiff's application for fees and expenses for services performed in representing Skinner in the district court under court appointment sought compensation for 30 hours and 8 minutes of attorney time and

$85.76 in out-of-pocket expenses. The amount of compensation requested for the attorney time was $1808. The district court allowed the claimed out-of-pocket expenses to be reimbursed in full but awarded only $990 for attorney time.

The nature of the services rendered by plaintiff in the district court, as shown by his application for fees, can be categorized as follows:

| | |
|---|---|
| Research and drafting | 21 hrs. 50 mins. |
| Review of court file | 2 hrs. 5 mins. |
| Conferences with client | 3 hrs. 3 mins. |
| Conferences with opposing counsel | 10 mins. |
| Courtroom proceedings | 3 hrs. 0 mins. |
| | 30 hrs. 8 mins. |

In fixing the amount of plaintiff's compensation, the defendant judge purported to consider all of the factors we deemed pertinent in *Hulse v. Wifvat*, 306 N.W.2d 707 (Iowa 1981). In justification of the reduction which was made in the amount claimed by plaintiff, the defendant judge stated:

> The court has no doubt, whatsoever, that Mr. Lunde actually spent this amount of time.... The necessity of spending that much time, however, is of some concern to the court. More than two-thirds of Mr. Lunde's time was consumed by research and drafting.... Some of those issues are novel and have yet to be resolved by an appellate court. Others have been determined previously by well-known precedents. The court cannot question the zealous manner in which Mr. Lunde has represented his client. It can, however, question the reasonable necessity of spending as much time as he did in legal research and drafting.... He had to spend some amount of time to familiarize himself with the relevant legal principles in this area, but the time actually spent in this endeavor may not have all been strictly necessary. Mr. Lunde shows over three hours devoted to conferences with [his client]. Most of the conferences were by telephone. Many of them occurred during a time period after the ... hearing when the necessity of conferences would have been questionable.

In *Walters v. Herrick*, 351 N.W.2d 794, 796–98 (Iowa 1984), we observed that there are two types of challenges to trial court orders determining compensation for court-appointed counsel; (1) those asserting that an incorrect legal standard has been applied in fixing fees; and (2) those asserting an abuse of discretion in the application of the proper legal standard. We pointed out in *Walters* that:

> Our scope of review depends on what part of the challenge is being considered. Plaintiff's assertion that an incorrect legal standard was applied is reviewed on error. When an incorrect standard is applied we remand for new findings and application of the correct standard. When a correct legal standard is applied our review is greatly circumscribed; we affirm unless the trial court's discretion "was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable."

*Id.* at 796. (Citations omitted).

■ In the present case, although plaintiff alludes to an abuse of discretion on the part of the defendant judge, he directs the bulk of his argument toward factors which he believes show that an incorrect legal standard was employed in fixing the amount of his compensation. We find no basis upon which we might determine that there has been an abuse of discretion on the part of the defendant judge in reducing plaintiff's fee claim as a result of the court's firm belief that more time than necessary was expended in pursuing Skinner's cause. Plaintiff therefore has shown no right to relief on an abuse of discretion theory. We direct the balance of our discussion to his claims that an incorrect legal standard was employed by the defendant judge in arriving at the amount of compensation.

■ Plaintiff's first claim in this regard is that the defendant judge should have made a finding with respect to how many hours of attorney time were reasonably necessary in plaintiff's representation of Skinner. This is similar to an argument

which was rejected in *Walters v. Herrick.* In *Walters,* we upheld a lump sum award made in consideration of the *Hulse* standards against a challenge that the weighted application of each of the *Hulse* factors must be set forth in the order allowing fees. *Walters,* 351 N.W.2d at 797. Based upon the considerations applied in our *Walters* decision, we conclude that a trial court, in fixing fees, need not specify the amount of hours deemed to have been reasonably necessary in carrying out the representation.

■ Plaintiff also asserts that the defendant judge improperly went outside the record in considering the matter of customary charges for similar services in the community. We note that, to the extent this was done, it was only after the defendant judge made a specific finding that "no evidence was presented as to the customary charges in the community for representing persons in contempt proceedings." Following that finding, the defendant judge resorted to his own relevant knowledge based on situations which, although not identical to a domestic relations contempt case, were sufficiently analogous to provide a meaningful standard of comparison. In so proceeding, the defendant judge did no more than follow our suggestion in *Parrish v. Denato,* 262 N.W.2d 281, 285 (Iowa 1978) that a court must consider all relevant and competent evidence submitted by the parties, as well as its own knowledge and expertise in determining reasonable attorneys fees.

■ Next, plaintiff suggests that the defendant judge, in fixing the amount of his compensation for services performed under court appointment, failed to take into consideration the time he had spent representing Skinner prior to the order of appointment and for which he is unlikely ever to be paid. We find this claim to be without merit. In his application for fees, plaintiff stated:

No fees and expenses have been shown for any time prior to the date of appointment, although services were, in fact, performed prior to that date and expenses were, in fact, incurred prior to that date.

We find nothing in this statement which would have alerted the defendant judge to the nature of the prior services, whether plaintiff had been compensated therefore or would be compensated therefore, or that plaintiff expected such prior services to affect his fee claim in any way. The defendant judge did not err in failing to consider the allegedly prior uncompensated attorney time and out-of-pocket expenses in arriving at the amount of fees to be allowed after the order of court appointment.

■ Lastly, we consider plaintiff's assertion that fee applications of court-appointed attorneys should be heard by judges other than those before whom the services were performed in those instances where appellate review has been sought with respect to the court's decision. The premise upon which this argument is based is that a judge whose decision is appealed will be biased against the attorney who has challenged it. We are not convinced that the potential for bias is substantial in the circumstances posed in plaintiff's argument. In balancing any potential for bias which this circumstance presents against the obvious advantages of having the fee application determined by the judge most familiar with the case, we decline to adopt the rule which plaintiff suggests.

We have considered all claims advanced and in disposition of this matter sustain the writ only to the extent that the defendant judge is now directed to consider that portion of plaintiff's claim for fees and expenses which relates to the preparation and filing of the petition for certiorari in *Skinner v. Ruigh.* In all other respects, the writ is annulled.

WRIT SUSTAINED IN PART; ANNULLED IN PART.

All justices concur except SCHULTZ, J., who concurs in part and dissents in part.

SCHULTZ, Justice (concurring in part and dissenting in part).

I concur with the majority opinion except the portion allowing attorney fees for the

preparation of the certiorari action that was filed in this court. I would not allow fees when the attorney was not appointed by the court to perform the service. The district court denied this portion of the fees because Mr. Lunde was not appointed to represent Jerry D. Skinner in the certiorari action, not because the application for appointment was made to the wrong court.

The client's application for appointment of counsel should precede preparation of the action except in cases of emergency. Generally, this application should be filed in the district court. If the application does not precede the preparation of the action, the court will not have a choice in the selection of counsel. Choice of counsel is important to assure the appointment of competent counsel at the lowest cost to the county. Plaintiff in this case by his action deprived the court of a choice of counsel in the preparation of the action. It is not harsh to deny the fees under these circumstances.