**Warren L. BUSH, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR SAC COUNTY, Defendant.**

No. 84–278.

Supreme Court of Iowa.

June 19, 1985.

Warren L. Bush, Wall Lake, pro se.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, and Steven K. Hansen, Asst. Attys. Gen., and Lon R. Tullar, Co. Atty., for defendant.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and SCHULTZ, JJ.

HARRIS, Justice.

■ Plaintiff filed a notice of appeal from a trial court order fixing attorney's fees. Under Iowa rule of appellate procedure 304 we treat the notice to be, as it should have been, a petition for issuance of a writ of certiorari. Because the plaintiff has not demonstrated an abuse of discretion we annul the writ.

William Baker shot Suzie Auen in the back with a 410 shotgun. The victim died and Baker was charged with her murder. Plaintiff, an attorney, was appointed to represent Baker at public expense. The case against Baker was iron-bound. The shooting took place in broad daylight in the presence of several witnesses. In addition to the eyewitnesses' testimony Baker gave statements to law enforcement officers in which he admitted he shot the victim (his girlfriend) for "cheating" on him with another man. Baker eventually pled guilty to second degree murder.

Baker was a difficult client. He had suffered two strokes, was demanding, quarrelsome, suffered a hearing loss, and had difficulty organizing or expressing thoughts. After his incarceration he was sent both to the mental health institute at Cherokee and to the security medical facility at Oakdale.

In this challenge to the amount of fees allowed the real dispute is over the hourly rate. Upon completion of his services the plaintiff filed a claim for 157.85 hours of preparation services plus 27 hours for trial time (plus $510.83 costs advanced). The claim stated "a reasonable compensation would be $14,374.58" and that plaintiff did "not request a hearing upon this claim." The claim was later amended to seek compensation for an additional 8.5 hours (for preparing and presenting his claim) and an additional $26.86 for costs advanced. A total fee of $15,038.94 was sought under the amended claim.

Attached to the original claim was a short suggested order of allowance with the amount left blank, which the trial court signed, fixing the amount at $8,103.83. Plaintiff promptly filed an application for reconsideration of the award, asserting that his regular hourly billing rate was $75 whereas the award, based on total hours claimed, compensated him at an hourly rate of only $41.08. We note that, omitting the time the plaintiff spent traveling (which plaintiff also billed), the hourly rate allowed was about $52.50. Plaintiff maintains his office at Wall Lake, Iowa, some miles from the county seat.

A hearing was held at which the plaintiff offered evidence that his billing rate was indeed $75 per hour. Other evidence supported plaintiff's claim that this rate was reasonable. Upon submission the court without explanation refused to disturb the original allowance.

■ I. Two of the assignments can be dispatched summarily. Plaintiff first would challenge on equal protection grounds our long established system of reviewing fee allowances. Our scope of review is for an abuse of discretion. *See e.g. Coonrad v. Van Metre*, 362 N.W.2d 197, 200 (Iowa 1985); *Walters v. Herrick*, 351 N.W.2d 794, 796 (Iowa 1984); *Mathison v. Young*, 333 N.W.2d 477, 478 (Iowa 1983); *Hulse v. Wifvat*, 306 N.W.2d 707, 709 (Iowa 1981); *Soldat v. District Court*, 283 N.W.2d 497, 498 (Iowa 1979); *Parrish v. Denato*, 262 N.W.2d 281, 284 (Iowa 1978); *Furey v. Crawford County*, 208 N.W.2d 15, 19 (Iowa 1973).

■ Plaintiff suggests that this rule denies him equal protection of the law but cites no authority for the proposition. The

failure amounts to a waiver of the issue. *See* Iowa R.App.P. 14(a)(3).

█ In a second assignment, contrary to our holding in *Soldat*, 283 N.W.2d at 500, plaintiff urges he should be compensated for time spent pursuing his claim for compensation. Again he cites no authority and thereby waives the assignment. *See* Iowa R.App.P. 14(a)(3).

II. In *Walters v. Herrick*, 351 N.W.2d at 797 we pointed out:

> It was not incumbent upon the defendant court to demonstrate compliance with *Hulse*. The burden of proof is upon the [attorney seeking fees] to establish the trial court did not apply the *Hulse* standard.

The question is whether plaintiff here made such a showing. He called three attorneys as expert witnesses and testified himself. Opinions on the appropriate hourly rate for their private clients varied from $60 to $75 for office hours and $75 to $80 for trial time. Two of those testifying, including plaintiff, had previously been paid $50 per hour for representing other indigents.

█ We know from the remarks of the trial court that certainty of payment from public funds weighed in its determination. Plaintiff was not impressed with this factor but it is an appropriate consideration. *Hulse*, 306 N.W.2d at 712.

█ We cannot say the plaintiff carried his burden of showing the fees were not fixed in accordance with the *Hulse* standards. We recognize a certain anamoly in leaving the burden with the plaintiff in view of the failure of the trial court to detail or explain the basis for determining the award. But no motion to enlarge was made under Iowa rule of civil procedure 179(b). *See Farmers Ins. Group v. Merryweather*, 214 N.W.2d 184, 190 (Iowa 1974) ("although trial court's findings are unusually brief ... one who is dissatisfied with such findings should invoke rule 179(b)....")

WRIT ANNULLED.