**H. Walter GREEN, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR MILLS COUNTY, Defendant.**

No. 86–594.

Supreme Court of Iowa.

Nov. 25, 1987.

H. Walter Green, Glenwood, pro se, for plaintiff.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., and James C. Webering, Mills Co. Atty., for defendant.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO and NEUMAN, JJ.

McGIVERIN, Chief Justice.

Upon the State's application for further review of a court of appeals remand order, we consider this certiorari action concerning the district court's award of a court-appointed attorney fee to the plaintiff H. Walter Green as defense counsel in a criminal case. We annul the writ of certiorari.

I. *Background facts and proceedings.* Plaintiff Green served as court-appointed defense counsel in a first-degree murder trial in Mills County. He was appointed by the court, *see* Iowa Code section 815.10 (1985), in October 1985 to represent an indigent criminal defendant and worked through the February 1986 trial. Green filed a timely motion for relief from fee limitation guidelines as specified in Iowa Supreme Court supervisory orders of August 19, 1985, and December 12, 1986. His motion was heard and the following calendar entry was made by the district court:

> 10/21/85. Hearing held on co-counsel's appl. to exceed fee schedule. The ct. suggests that counsel for defendant keep the ct. informed periodically of time expended. Keith R. Burgett, Judge.

Trial was held and the jury returned a voluntary manslaughter verdict. Following trial, and before sentencing, Green submitted his application for compensation requesting $7916. Attached to the application was an itemized list of all services performed totaling 173.35 hours. District court judge McGee, who presided at the trial, signed an order allowing a $4700 fee to Green. Green submitted a second summary time sheet after sentencing showing an additional 2.8 hours spent in representing the criminal defendant through sentencing.

At Green's request, his fee application was then presented to the monthly meeting of the judges of the fourth judicial district. Green was allowed to present affidavits supporting the hourly rate he requested and to argue in favor of his application at that meeting. No record was made of those proceedings. Following the meeting, the court administrator of that district informed Green by letter that the fee award originally allowed by the trial judge was found by the other judges to be sufficient compensation for Green.

Green filed a petition in our court for writ of certiorari to the district court for Mills County contending the district court had acted illegally in making the attorney fee award. *See* Iowa R.Civ.P. 306. Certiorari is the proper procedure for our review of a court-appointed attorney fee award. *Bush v. Iowa Dist. Court for Sac County,* 369 N.W.2d 424, 425 (Iowa 1985); *Soldat v. Iowa Dist. Court for Emmet County,* 283 N.W.2d 497, 498 (Iowa 1979). The petition was granted and we transferred the case to the court of appeals. Stating that it could not determine under the present sketchy record whether the trial court applied the appropriate standard in fixing the fee, the court of appeals remanded Green's action for further proceedings by the district court in the underlying criminal case. This application by defendant district court for further review followed.

II. *Standard for award of attorney's fees.* The legal standard for determining compensation for court-appointed counsel was outlined in *Hulse v. Wifvat,* 306 N.W. 2d 707 (Iowa 1981), and later codified in Iowa Code section 815.7 (1985). This court ruled in *Hulse* that valuation must be based on a number of factors, including "the time necessarily spent, the nature and extent of the service, the possible punish-

ment involved, the difficulty of handling and importance of the issues, responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service," along with the certainty of payment from the public treasury. 306 N.W.2d at 711–12. The *Hulse* court added that "[n]o discount is now required based on an attorney's duty to represent the poor." *Id.* at 711.

The *Hulse* factors are designedly flexible to allow application to the particulars of a given case. Here, however, the district court made no record of its proceedings. There are no available findings for this court to review in determining whether the district court applied the correct standard.

■ Nevertheless, it is not incumbent upon the defendant court to demonstrate compliance with the *Hulse* standard. The attorney seeking fees bears the burden of proving the trial court failed to apply the standards of *Hulse* and Iowa Code section 815.7. *Bush*, 369 N.W.2d at 426; *see Walters v. Herrick*, 351 N.W.2d 794, 797 (Iowa 1984). Green presented considerable evidence to show that the amount of compensation he requested was in line with the *Hulse* standard, but we cannot conclude from that evidence alone that the *Hulse* standard was not followed by the court. In the factually similar case of *Bush*, 369 N.W.2d at 426, we stated:

> We recognize a certain anomaly in leaving the burden with the plaintiff [attorney] in view of the failure of the trial court to detail or explain the basis for determining the [fee] award. But no motion to enlarge was made under Iowa Rule of Civil Procedure 179(b).

Here, as in *Bush*, the attorney failed to move for an enlargement of the court's findings and conclusions pursuant to rule 179(b). We must assume, therefore, that the trial court's consideration and analysis concerning the award of the attorney's fee comported with the *Hulse* standard.

■ III. *Abuse of discretion.* When a correct legal standard is applied, our review is greatly circumscribed; we affirm unless there was an abuse of discretion by

the trial court in the application of the standard. *Walters*, 351 N.W.2d at 796.

■ Whether the trial court abused its discretion in fixing Green's attorney fee is the main issue in this case. After reviewing the record, we cannot conclude that the trial court abused its discretion in setting plaintiff Green's compensation at $4700.

The burden is upon the applicant for attorney fees to prove both that the services were reasonably necessary and that the charges were reasonable in amount. *Walters*, 351 N.W.2d at 797. An attorney is not guaranteed payment at a fixed hourly rate for every hour expended. *Id.* Green submitted time sheets explaining his time expenditures in this case and a short summary as to how the time spent related to the case but these sheets did not explain why any of the time expended was necessary. While Green also submitted affidavits of other attorneys to support the hourly fees he requested, the court is not bound by evidence regarding the customary charges of other attorneys. *Soldat*, 283 N.W.2d at 499.

■ As we have previously stated, "The district court is itself an expert on the issue of reasonable attorney fees." *State v. See*, 387 N.W.2d 583, 586 (Iowa 1986). The original fee in this case was set by the judge who presided at the trial. It is not necessary for a court to specify how many hours it deems reasonably necessary in carrying out the representation. *Lunde v. Ruigh*, 356 N.W.2d 566, 570 (Iowa 1984). The district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee that is appropriate for handling the complete case. *Walters*, 351 N.W.2d at 797. In deferring to the trial court's discretion, we note that the fee awarded to Green is well in excess of the $2500 maximum for class 'A' felonies that cannot be exceeded without prior court approval pursuant to our guidelines on court-appointed counsel. *See* supreme court supervisory orders of August 19, 1985, and December 12, 1986. Green did apply for court approval to exceed our recommended maxi-

mum, but we hold that the $4700 fee awarded does not indicate an abuse of discretion by the trial court.

Having said the above, we hasten to note that we in the first instance probably would have set a higher fee for Green's services. He is an experienced attorney who served as a county attorney in Mills county for seven years and is well versed in the local criminal trial practice. Largely through Green's efforts, the jury before which he defended the underlying case returned a voluntary manslaughter verdict on a first-degree murder charge. Because the favorable result obtained is a factor under *Hulse*, we note that first-degree murder carries a penalty of life in prison without possibility of parole, *see* Iowa Code §§ 707.2, 902.1, while voluntary manslaughter carries a maximum penalty not to exceed ten years in prison. *See* Iowa Code §§ 707.4, 902.9.

The fixing of an unreasonably low court-appointed attorney fee award threatens to be counterproductive. The shortage of available appointive counsel in some counties is a well-known problem to bench and bar. Adequate compensation for court-appointed attorneys is integral to our efforts to encourage experienced attorneys to represent indigent defendants.

Our function in certiorari, however, is to determine whether the district court abused its discretion to the extent that it acted illegally in setting the fee. Although the fee is at the low end of a permissible range for the services performed and understandably discouraging to attorney Green, we cannot conclude the court abused its discretion.

Our holding today is also intended to reemphasize to an attorney seeking fees the importance of filing a motion to enlarge the trial court's findings and conclusions under Iowa Rule of Civil Procedure 179(b) in disputed court-appointed attorney fee cases. *See Bush*, 369 N.W.2d at 426. While trial courts have considerable discretion in setting fees, their leeway is not limitless. Without more specific findings to review or an attempt by the attorney to obtain them, however, we shall be hard pressed to find an abuse of discretion on the plaintiff's evidence alone.

IV. *Disposition.* In accordance with our holding, the decision of the court of appeals is vacated, and the writ of certiorari is annulled.

DECISION OF COURT OF APPEALS VACATED; WRIT ANNULLED.