Bradley L. NORTON, Plaintiff,

v.

IOWA DISTRICT COURT FOR CEDAR COUNTY, Defendant.

No. 95–1020.

Court of Appeals of Iowa.

Aug. 30, 1996.

Bradley L. Norton of Norton & Norton, P.C., Lowden, for plaintiff.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, and Lee W. Beine, County Attorney, for defendant.

Considered by SACKETT, C.J., and CADY and VOGEL, JJ.

SACKETT, Chief Judge.

Plaintiff Bradley L. Norton, an attorney at law, seeks a writ of certiorari challenging the district court's denial of a portion of the attorney fees he claims are due him for representing Robert Lee Baker, an indigent juvenile charged with two counts of first-degree murder and found guilty of two counts of voluntary manslaughter. We sustain the writ in part and annul the writ in part.

Baker, then fifteen years of age, was charged in juvenile court with committing two delinquent acts which would both be first-degree murder if committed by an adult. Baker had given a statement saying he shot and killed two men who were hunting squirrels.[1] Baker contended he shot the men because of fear for his own safety. There was evidence Baker shot and killed the men because they confronted him about his alleged violations of hunting laws.

The State filed a motion to waive jurisdiction of the case to district court. The motion was sustained on December 19, 1994. On the same day, Baker was charged in district court with two counts of murder. Norton was appointed by the district court to represent Baker on that same day. Norton, on behalf of Baker, then filed an application for an interlocutory appeal challenging the waiver.[2] The supreme court denied the application. Norton claimed a fee of $15,000 for the representation of Baker in juvenile court. The bill did not include time spent on the application for an interlocutory appeal. The

---

1. There were challenges made at the trial court level to the admission of this statement.

2. The trial court appointed the state appellate defender's office to handle the appeal. The state

appellate defender would only represent the juvenile if he were given permission to file an interlocutory appeal.

juvenile court set Norton's fees at $9325.73. The fees were paid and are not at issue. We recognize Norton gained substantial information about the case through his work on the juvenile case.

Norton filed an application to exceed the $2500 fee. The district court authorized Norton to submit for court approval a bill for attorney fees for more than $2500. Norton also applied for a second trial attorney to assist him with the trial. This application was denied.

There were a number of motions. A jury trial subsequently was held. The jury found Baker guilty of the lesser-included offense of voluntary manslaughter. The jury further found Baker had used a firearm in committing both crimes. Baker was sentenced to two consecutive ten-year terms. Each sentence was subject to the five-year mandatory minimum.[3]

Norton filed a claim seeking $17,759.26 in fees and expenses for representing Baker in the district court proceedings. The trial court set Norton's fee at $8613.76 and made no specific finding before reducing Norton's claim.[4] There were notations on the bill Norton submitted that were made by the trial court indicating certain charges were reduced. The State, in its brief, has attempted to categorize the adjustments made by the trial court. We appreciate these efforts. Our review shows the categorization made by the State to be fairly accurate.

On appeal, Norton contends (1) the district court failed to follow the proper legal standards for the determination of court-appointed attorney fees, and (2) the trial court abused its discretion in its determination of attorney fees for Norton's representation of Baker.

■ Certiorari is the proper procedure for review of a court-appointed attorney fee award. *Green v. Iowa Dist. Court for Mills County*, 415 N.W.2d 606, 607 (Iowa 1987); *see also Walters v. Herrick*, 351 N.W.2d 794, 796 (Iowa 1984).

■ An attorney appointed to represent a person charged with a crime is entitled to reasonable compensation for legal services to be the ordinary and customary charges for similar services in the community. *Hulse v. Wifvat*, 306 N.W.2d 707, 711 (Iowa 1981). Iowa Code section 815.7 (1995) establishes a court-appointed attorney's right to compensation and the court's authority to determine the amount. A trial court applying the correct legal standard has broad discretion in determining the attorney fee for representation of an indigent defendant. *Soldat v. Iowa Dist. Court for Emmet County*, 283 N.W.2d 497, 499 (Iowa 1979). Ascertaining the correct legal standard is a matter of law. *See State v. Lindsey*, 302 N.W.2d 98, 101–02 (Iowa 1981).

Competent attorneys who consciously defend persons charged with crimes are important to our system of justice. Demands of constitutional and statutory law have increased the difficulty and complexity of criminal cases and questions of effectiveness of counsel are common. *Hulse*, 306 N.W.2d at 713. Lawyers must make special efforts to achieve the level of ability necessary to provide the requisite standard of representation and these efforts mean substantial investments of time, expense, education, and experience. *Id.*

Society has several interests in assuring the accused are represented by attorneys competent in the area of criminal law. One of these interests is to assure only the guilty are convicted. Another is to hold prosecutors accountable. While attitudes prevail that defense attorneys should receive minimal compensation, the old adage "you get what you pay for" is true in the area of defense attorneys. A defendant convicted in a trial and subject to incarceration most generally will appeal. One of the more frequently-raised issues on appeal is a challenge to the competency of defense counsel where a defendant has not been fairly represented and he or she can show that, but for the

---

3. Baker appealed from this conviction. The case currently is in the briefing stages and is not ready for submission. *See State v. Baker*, No. 95–995.

4. There was no hearing on the claim. Norton did not ask for the trial court's findings to be enlarged.

inadequate representation, there is a probability a different result would have been obtained. *See Hulse*, 306 N.W.2d at 713. Less than adequate representation may result in additional trials to prove or disprove defendant's guilt, with substantial additional cost.

 Norton requested payment at the rate of $55 per hour.[5] The trial court compensated him at that rate. The question is not his rate of compensation but the legality of the trial court's finding not all of the hours claimed were reasonably necessary. The district court must exercise independent judgment in determining the extent of reasonably necessary services. *Hulse*, 306 N.W.2d at 707. Norton's statement of his claimed hours on the case is not binding on the trial court. *See Simon v. Bittner*, 288 N.W.2d 549, 552 (Iowa 1980). However, the court in exercising its independent judgment must recognize the high standard of diligence and preparation demanded of counsel in criminal cases and all the relevant facts and circumstances of this case. *Hulse*, 306 N.W.2d at 710. The burden is on the attorney applying for fees to prove the services he or she performed were reasonably necessary. *Green*, 415 N.W.2d at 608. A trial court acts within the law in disallowing a part of an attorney fee claim on a finding the time claimed or expended is excessive. *See Halverson v. Iowa Dist. Court for Decatur County*, 532 N.W.2d 794, 800–01 (Iowa 1995). To value the legal services rendered and set a fee, the court should consider the time necessarily spent, the nature and extent of the service, the possible punishment, the difficulty of the issues, the responsibility assumed, the results obtained, and the standing and experience of the attorney. *See Green*, 415 N.W.2d at 608.

 Norton contends the trial court should not have denied him compensation for time spent in discussing the serious issues with fifteen-year-old Baker and his parents; drafting and researching motions; interoffice conferences; preparation for depositions and cross-examination of the State's witnesses; and filing the interlocutory appeal.

 Norton contends the trial court abused its discretion in denying compensation for conferences with Baker and his family, including the telephone calls. He points out he was representing a fifteen-year-old child charged with two counts of first-degree murder. He advances the juvenile had some learning difficulties and the listening comprehension skills of a third grader. Norton claimed he spent 2.35 hours communicating with Baker's family. All this time was disallowed. Norton claimed he spent 12.92 hours communicating with Baker and his family and with Baker alone. He was compensated for 11.15 of these hours. We need not determine whether time spent conferring with Baker's family was compensable, as the trial court considered conference time with Baker's family in fixing fees. The trial court only failed to give him fees for a portion of the time he claimed he spent. A trial court acts within the law in disallowing a part of an attorney fee claim on a finding the time claimed is excessive. *Halverson*, 532 N.W.2d at 800–01. The trial court acted legally on this issue.

 Norton next contends it was not proper for the trial court to deny compensation for time he spent in preparing a motion to have Baker's bond reduced. The trial court compensated Norton in part for time spent in trying to have Baker's bond reduced. It only cut the time he claims he spent. A court acts legally in finding time claimed is excessive. *See id.* We reject Norton's argument on this issue.

5. In assessing amounts paid to court-appointed attorneys who maintain their own practice, there is a tendency to forget the practicing attorney does not net the hourly fee paid. An attorney in the practice of law will have to pay from fees generated the salaries and benefits of employees, office rent, maintenance of office machines, telephones, and insurance for liability and malpractice. He or she pays his or her own social security and has no assistance with pension fund contributions.

In comparing the cost of an attorney paid a flat hourly rate to represent an indigent defendant with a paid public defender, one must consider that, in addition to the salary paid a public defender, he or she is furnished an office, secretarial help, retirement and social security contributions, health insurance, and vacation time, as well as security in employment.

Norton also contends his bill was improperly discounted for research on the basis of the charges filed, most particularly where the State charged first-degree murder under a number of theories, including participation in a forcible felony without revealing the forcible felony it considered. Norton claims he was required to spend additional time because the State resisted a number of motions which were ultimately sustained. Norton contends his client offered to plead guilty to two counts of manslaughter and his client was convicted of manslaughter. The question is not whether we would have paid him for additional hours of work. A trial court acts within the law finding time claimed on an attorney fee claim is excessive. *See id.* We reject Norton's argument on this issue.

Norton next claims the trial court should not have discounted time he claimed he spent reviewing the legal issues with other attorneys in his office. Norton filed an application for a second attorney to assist him in the representation of Baker. The application was denied. Baker was charged with two class "A" felonies; consequently the trial court could have appointed an additional attorney to help with the defense.[6]

The question becomes one of whether Norton should have been able to have additional legal help. We recognize the State, in a prosecution, has extensive resources for both investigation and legal consultation. Norton is a private practitioner in a small town. His practice is not limited to criminal defense. He assumed substantial responsibility in representing Baker, who at fifteen years of age was charged with two counts of first-degree murder, both of which carried a sentence of life in prison. Under the circumstances of this difficult case, we find it reasonable for the trial court to allow Norton fees for time spent consulting with attorneys in his firm. The trial court allowed him some time for this consultation, but did cut the requested hours. The trial court did not act illegally in doing so. We reject Norton's argument on this issue.

Norton next contends the trial court should have awarded him fees for filing an application for an interlocutory appeal. The State concedes the trial court did not award any fees for this. It argues the trial court's notes indicate those fees should be fixed by the juvenile court. When the interlocutory appeal was filed, the case had been transferred to the district court. Norton had been appointed to represent Baker in district court. The order from which the appeal was sought dismissed the petition alleging delinquency and transferred the case to the Iowa district court. It remained in district court. The appeal sought transfer out of district court, not into it. The hours spent on the interlocutory appeal came after Norton was appointed to represent Baker in district court. The court had authorized appellate work by the appellate defender. The appellate defender would step in only if the right to appeal was granted.

The claim for fees should not have been denied on the basis the fees should be fixed by the juvenile court. We remand to the trial court to fix fees for those services the trial court finds reasonable for filing the interlocutory appeal.

We sustain the writ in part and annul the writ in part.

**WRIT SUSTAINED IN PART AND ANNULLED IN PART.**

---

6. *See* Iowa Code § 815.7 (1995).