**STATE of Iowa, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.**

No. 97–286.

Supreme Court of Iowa.

Dec. 24, 1997.

Thomas J. Miller, Attorney General, Susan M. Crawford and Sheryl A. Soich, Assistant Attorneys General, John P. Sarcone, County Attorney, and Melodee Hanes, Assistant County Attorney, for plaintiff.

Maggi Moss and Paige Fiedler of Parrish, Kruidenier, Moss, Dunn & Montgomery, Des Moines, for defendant.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and ANDREASEN, JJ.

LARSON, Justice.

The State brought this certiorari action to challenge an order by the district court under Iowa Code section 902.4 (1997) "reconsidering" a suspended sentence and substituting an order for a deferred judgment. Because we conclude that a criminal defendant who has been granted a suspended sentence does

not qualify for reconsideration under section 902.4, we sustain the writ.

Annie Githens pled guilty on January 18, 1996, to sexual abuse in the third degree in violation of Iowa Code section 709.4 (1995). She was initially sentenced to a term of incarceration not to exceed ten years, but the sentence was suspended and she was placed on probation for two years. Githens waived the use of a presentence investigation report. Githens filed a motion for reconsideration of her sentence on April 3, 1996. The court set aside the sentence because a presentence investigation had not been prepared.

Githens was resentenced on June 6, 1996, to a term not to exceed ten years. The sentence was suspended, and she was again placed on probation for two years. On August 19, 1996, Githens filed a second application for reconsideration. The court ordered a hearing on the application but continued it several times. Ultimately, the application was scheduled for hearing on January 24, 1997. On January 17, 1997, a week before the scheduled January 24 hearing date, the court granted the application without a hearing or notice to the State. The court withdrew Githens' sentence and granted her a deferred judgment.

The State filed a petition for writ of certiorari, and the defendant in the underlying case, Annie Githens, has provided representation for the defendant district court in this certiorari action. We will refer to the district court as the defendant on this appeal.

### I. *The Preservation of Error.*

The defendant claims that the State did not resist Githens' application for reconsideration despite the fact that the hearing on the application was pending for approximately five months. The district court's order granting the reconsideration, however, indicated the contrary. It stated:

> The application for reconsideration of sentence filed by defendant, resisted to by the State, after a couple of continuances, came on for consideration by the Court.

■ In any event, for reasons discussed later, the order was not allowed by statute and was therefore void. For that reason, the State did not waive any objection to the order by failing to challenge it prior to its entry. *See State v. Ohnmacht,* 342 N.W.2d 838, 843 (Iowa 1983) ("Void sentences are not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation.").

### II. *Interpretation of Iowa Code Section 902.4.*

■ The substantive issue is whether a court may "reconsider" the sentence of a defendant whose sentence has been suspended. This turns on the interpretation of Iowa Code section 902.4, which provides:

> For a period of ninety days from the date when a person convicted of a felony, other than a class "A" felony or a felony for which a minimum sentence of confinement is imposed, *begins to serve a sentence of confinement,* the court, on its own motion or on the recommendation of the director of the Iowa department of corrections, may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law. . . . The district court retains jurisdiction for the limited purposes of conducting such review and entering an appropriate order notwithstanding the timely filing of a notice of appeal. . . . The court's decision to take the action or not to take the action is not subject to appeal. However, for the purposes of appeal, a judgment of conviction of a felony is a final judgment when pronounced.

(Emphasis added.)

■ The standard of review in cases involving the consideration of statutory questions is to correct errors at law. *State v. Sullins,* 509 N.W.2d 483, 485 (Iowa 1993). The ultimate goal in interpreting statutes "is to ascertain and give effect to the intention of the legislature." *Id.* (quoting *Harden v. State,* 434 N.W.2d 881, 884 (Iowa 1989)). The clear wording of section 902.4 limits it to cases in which a criminal defendant has actually begun to serve a sentence of confinement. That did not occur here. Moreover, we seek a reasonable interpretation that best effects the statute's purpose. *Id.* We have

noted that section 902.4 is a "shock probation" statute, *State v. Sullivan,* 326 N.W.2d 361, 364 (Iowa 1982), with the obvious purpose of shocking a criminal defendant by a short-term incarceration. There would obviously be no shock if such a defendant were never confined.

The defendant relies on *State v. Wrage,* 279 N.W.2d 4 (Iowa 1979), to support its argument that reconsideration of a sentence is proper even without actual confinement. *Wrage* held that an application for reconsideration could be *filed* before commencement of the confinement ordered by the court, but it did not hold that reconsideration could be ordered in the absence of a judgment of confinement. That case must therefore be distinguished.

**WRIT SUSTAINED.**