James Charles TINDELL, Appellant,

v.

**IOWA DISTRICT COURT FOR SCOTT COUNTY, Appellee.**

No. 98–853.

Supreme Court of Iowa.

Sept. 9, 1999.

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, William E. Davis, County Attorney, and Joseph Grubisich, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,* JJ.

HARRIS, Senior Judge.

If we reach it, the question in this appeal is whether the trial court erred in reconsidering the imposition of defendant's sentence. As will be seen, we find no merit in this routine challenge. We routed the appeal for consideration by this court to resolve the more serious question of whether statutory language precludes appellate review of the trial court action the defendant seeks to challenge. We conclude the defendant can seek review by writ of certiorari. Under Iowa rule of appellate procedure 304, we treat defendant's notice of appeal as a petition for issuance of such a writ. We grant the writ and, upon consideration, annul it.

On March 29, 1995, James Tindell pled guilty to a charge of commodities fraud in violation of Iowa Code sections 502A.6 and 502A.14 (1993). He was sentenced to an indeterminate five-year term of incarceration, which was suspended in favor of four years probation. On February 5, 1998, Tindell's probation was revoked and the original five-year indeterminate sentence imposed. On April 23, 1998, the district court corrected the five-year sentence to an indeterminate ten-year term of incarceration, because this was a class "C" felony instead of a class "D" felony. The court then reconsidered the sentence. Based at least in large part on assurances that the State of Georgia had no charges pending against him, the court placed Tindell on five years probation. Later the

---

* Retired justice serving as senior judge pursu-   ant to Iowa Code section 602.9206 (1999).

same day the court held a further hearing to once again reconsider. Based on new information provided by David Calhoun, parole and probation officer, it thereafter rescinded its prior reconsideration. Calhoun testified there was indeed an outstanding Georgia warrant for probation violations, including absconding from probation.

Defendant appeals following reimposition of his ten-year sentence. He complains that the trial court improperly considered the unproven charges from Georgia when it revised the judgment so as to reimpose sentence. This is a challenge reviewable on error. *See State v. Mateer,* 383 N.W.2d 533, 537 (Iowa 1986).

■ I. The trial court was exercising its authority under Iowa Code section 902.4 (1997), our "shock probation" statute. That statute allows, for a specified period, a felon (other than a class "A" felon) to be brought back before the sentencing court for reconsideration of sentence. In providing courts with this extraordinary and useful tool, the legislature made clear that trial courts' judgment calls in these reconsiderations were not subject to our second guesses. The statute bluntly states: "The [trial] court's decision to take the action or not to take the action is not subject to appeal." The State contends this language deprives us of authority to even consider Tindell's challenge.

■ The quoted statutory language seems all embracing. The legislature obviously intended to accord unfettered discretion in trial court determinations on whether the felon had been sufficiently shocked so that the original sentence might be appropriate for reconsideration. Appellate review of these determinations is not appropriate.

The language however does not go quite as far as the State would have it. It is one thing to say a judge with this unfettered discretion may act mistakenly, without any good reason, or even with no reason. It would be quite another thing if the judge

were to act on the basis of a false or illegal reason. It was exclusively up to the trial judge to determine whether, on reconsideration, charges pending in Georgia rendered probation inappropriate. That call is not subject to appellate review. But what if the determination had been based on some reason that was contrary to known facts, or based on some unconstitutional ground such as minority status? We have already held that, although the merits of the court's determination are not subject to review, the authority of the trial court to decide those merits is subject to review. *State v. Sullivan,* 326 N.W.2d 361, 363 (Iowa 1982) (court cannot undertake a Code section 902.4 reconsideration after the specified ninety-day period).

We think Tindell's challenge can be mounted under the same principle.

■ II. The question becomes how we can review a trial court action where no appeal is provided. The answer, steeped in centuries of tradition, is to issue a writ of certiorari. Certiorari was developed to serve this very purpose. Its function is to correct substantial errors of law committed by a judicial or quasi-judicial tribunal which are not otherwise subject to review. 14 Am.Jur.2d *Certiorari* § 2, at 779 (1964). Certiorari is appropriate to challenge the authority of a trial court acting under Iowa Code section 902.4. *Sullivan,* 326 N.W.2d at 363.

■ How do we utilize such a writ where there has been no petition for its issuance? Iowa rule of appellate procedure 304 has long placed substance over form, allowing us to consider the notice of appeal, where appropriate, as a petition for the writ. The writ is accordingly granted.

■ III. From the foregoing it should be clear that Tindell cannot challenge the appropriateness of the charges in Georgia as the basis for the ruling he seeks to challenge. Existence of these charges was established without objection at the final reconsideration hearing. Tindell's own testimony and the professional statements

of his counsel confirm that he was wanted for the parole violations in Georgia.

Tindell's challenge is without merit.

**WRIT ANNULLED.**