# IN THE COURT OF APPEALS OF IOWA

No. 15-1867
Filed May 11, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JARED JOSEPH GIUNTA,**
      Defendant-Appellant.

_____

Certiorari to the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Jared Giunta challenges the district court's ruling on reconsideration of his criminal sentence under Iowa Code section 902.4 (2015). **WRIT ANNULLED.**

Britt Gagne of Gagne Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Iowa Code section 902.4 (2015) allows a court to reconsider a sentence on felony convictions other than class A felonies and reaffirm prior action "or substitute for it any sentence permitted by law." We must decide whether this provision authorizes the entry of a deferred judgment after a defendant has been adjudged guilty and has been sentenced.

## I.    *Background Proceedings*

Jared Guinta pled guilty to manufacturing a controlled substance (hashish). *See* Iowa Code § 124.401(1)(d). The district court adjudged him guilty and sentenced him to a prison term not exceeding five years. The order stated, "The State will jointly recommend reconsideration of the defendant's sentence if he receives a positive report from the institution after 90 days of incarceration."

Guinta applied for reconsideration of his sentence. The State did not resist the filing of the motion.

At a hearing on the application, Guinta's attorney asked the court to determine whether a deferred judgment could be entered. The court concluded authority to enter a deferred judgment was lacking because the court had already adjudged Guinta guilty and entered a sentencing order. The court denied Guinta's request for a deferred judgment but suspended the previously-imposed sentence and placed Guinta on probation for two years.

On appeal, Guinta contends the district court erred in finding no authority to enter a deferred judgment. The State preliminarily responds with a jurisdictional argument.

## II.    Jurisdiction

Iowa Code section 902.4 states, "The court's decision to take the action [to reconsider a sentence] or not to take the action is not subject to appeal." Notwithstanding the categorical nature of this statement, the Iowa Supreme Court has recognized certain exceptions.  *See Tindell v. Iowa Dist. Ct.*, 600 N.W.2d 308, 310 (Iowa 1999).  For example, if reconsideration determinations are "based on some reason that was contrary to known facts, or based on some unconstitutional ground," the determinations would be subject to review.  *Id.*; *accord State v. Sullivan*, 326 N.W.2d 361, 363 (Iowa 1982) (reviewing whether the district court was without authority to take any action due to the expiration of the period prescribed in section 902.4); *State v. Broten*, 295 N.W.2d 453, 455 (Iowa 1980) ("We do not construe the quoted clause in section 902.4 to mean that a decision by a reconsidering court is not reviewable even if the decision exceeds the limits of the section.").  The proper procedure for requesting review is by an application for a writ of certiorari.  *See Tindell*, 600 N.W.2d at 310.

The State concedes the existence of exceptions to the non-review clause but argues review is only available where the district court "exceeded the judge's jurisdiction or otherwise acted illegally."  *See* Iowa R. App. P. 6.07(1)(a) (governing applications for writ of certiorari).  In the State's view, Guinta's argument does not raise this type of error.  We disagree.

Guinta challenges the district court's authority to reject a particular disposition.  His challenge falls within the scope of the certiorari rule.  Although Guinta filed a notice of appeal rather than an application for writ of certiorari, we

treat his notice as though the proper form of review was requested. Iowa R. App. P. 6.108; *Bush v. Iowa Dist. Ct.*, 369 N.W.2d 424, 425 (Iowa 1985).

### III.     Authority to Grant a Deferred Judgment on Reconsideration

Guinta argues the district court "improperly fail[ed] to consider a deferred judgment as a sentencing option at the reconsideration hearing." In his view, section 902.4 confers authority to "substitute" another sentence—in this case a deferred judgment. The State responds that a deferred judgment is not a "sentence" that can be substituted. We agree with the State.

"'Deferred judgment' means a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court." Iowa Code § 907.1(1). As the State points out, "section 902.4 only authorized reconsideration of sentencing decisions—*not* reconsideration of a decision to pronounce judgment." Entry of a deferred judgment necessarily would have required reconsideration of the decision to pronounce judgment. As the district court stated, "The Court doesn't believe that the statute allows the Court to, in effect, unring the bell and eliminate that conviction."

*State v. Broten*, 295 N.W.2d 453, 455 (Iowa 1980), cited by Guinta, is inapposite. There, the district court suspended a sentence on a forcible felony, in violation of a statutory provision precluding suspension for this type of crime. The court cited the portion of section 902.4 allowing substitution of sentences "permitted by law" and concluded the district court could not suspend the sentence "because the sentencing court could not have done so originally."

Guinta is correct that, in his case, the district court had authority to enter a deferred judgment originally. *See* Iowa Code § 907.3. But, this conceded

authority is immaterial where section 902.4 conferred no authority to alter the conviction as opposed to the sentence.

*State v. Iowa District Court*, 572 N.W.2d 587, 588 (Iowa 1997), also cited by Guinta, is similarly inapposite. There, the sole question was whether the district court could reconsider a sentence that was suspended. *See State*, 572 N.W.2d at 588. The court did not reach the question of whether the court could reconsider a conviction. *See id.*

The district court did not err in concluding authority to grant Guinta a deferred judgment was lacking. We annul the writ of certiorari.

**WRIT ANULLED.**