STATE of Iowa, Appellant,

v.

Stanley BROTEN, Appellee.

No. 64077.

Supreme Court of Iowa.

Aug. 27, 1980.

Rehearing Denied Oct. 9, 1980.

454

Thomas J. Miller, Atty. Gen., Selwyn L. Dallyn, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellant.

William L. Wegman, Black Hawk County Public Defender, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, ALLBEE, and McGIVERIN, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of the district court's reconsideration and suspension of sentence after the defendant was sentenced to a period not exceeding ten years for third-degree sexual abuse.

Defendant Stanley Broten was charged with having sexual intercourse with his fifteen-year-old daughter. He pleaded guilty to the charge and the district court sentenced him to a period not to exceed ten years. This crime is a forcible felony under section 702.11, The Code 1979. Hence upon sentencing a deferred or suspended sentence is precluded by section 907.3 of the Code.

The district court reconsidered the sentence within ninety days under section 902.4 of the Code, and suspended the remaining portion of the sentence. The sole issue raised on this appeal is whether section 907.3, which prohibits a deferred or suspended sentence for a defendant convicted of a forcible felony, precludes suspension of the sentence upon later reconsideration under section 902.4.

Section 907.3 permits a court to defer or suspend sentence but also provides, "However, this section shall not apply to a forcible felony . . . ." The State argues that since a suspended sentence was unavailable at time of initial sentencing of this defendant for sexual abuse, the General Assembly has shown intent not to allow a suspended sentence at a later time for conviction of the crime. Defendant argues to the contrary that the district court could reconsider and suspend sentence pursuant to section 902.4 since this offense is not a class "A" felony or a felony for which a minimum sentence of confinement is imposed. The district court adopted defendant's argument.

I. Section 902.4 reads in relevant part:

For a period of ninety days from the date when a person convicted of a felony, other than a class "A" felony or a felony for which a minimum sentence of confinement is imposed, begins to serve a sentence of confinement, the court, on its own motion or on the recommendation of the commissioner of social services, may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it *any sentence permitted by law.*

(Emphasis added.)

█ Defendant's interpretation of section 902.4 fails to give effect to the entire section. A court must construe a statute in its entirety, and not merely one portion. *City of Des Moines v. Elliott,* 267 N.W.2d 44, 45 (Iowa 1978). All parts of legislative enactments must be considered together and undue importance must not be given to

a single part. *Iowa National Industrial Loan Co. v. Iowa State Department of Revenue*, 224 N.W.2d 437, 440 (Iowa 1974); *Wilson v. Iowa City*, 165 N.W.2d 813, 822 (Iowa 1969). In seeking the meaning of a law the entire act should be considered; each section should be construed with the act as a whole, and all parts of the act should be considered, compared, and construed together. *Northern Natural Gas Co. v. Forst*, 205 N.W.2d 692, 695 (Iowa 1973); *Goergen v. State Tax Commission*, 165 N.W.2d 782, 785–786 (Iowa 1969).

■ The district court determined that the phrase in section 902.4, "or substitute for it any sentence permitted by law," is a general provision, and the phrase, "a person convicted of a felony other than a class 'A' felony or a felony for which a minimum sentence of confinement is imposed," is a special provision; hence the special provision prevails over the conflicting general provision. § 4.6, The Code. This is a correct principle of law, but the principle must be correctly applied. The two phrases in 902.4 can be read together to express a single intent. The phrase, "a class 'A' felony or felony for which a minimum sentence of confinement is imposed," sets forth limitations under which a sentence may not be reconsidered at all. The phrase "or substitute for it any sentence permitted by law," constrains the type of sentence that may be imposed in place of the original sentence in cases in which reconsideration is permitted.

This interpretation gives effect to both phrases in the section. It means in Broten's situation, however, that the court could not grant deferral or probation on reconsideration, because the sentencing court could not have done so originally.

A case can be hypothesized in which a sentence for third-degree sexual abuse could be changed on reconsideration, as where the original court imposed a sentence not exceeding ten years and a fine of $5000, and the reconsidering court drops the fine. This is not such a case.

■ II. Broten also places reliance on a subsequent clause in section 902.4 stating that the reconsidering court's decision to reaffirm a sentence or to substitute any sentence permitted by law "is not subject to appeal." We understand this clause to refer to the merits of the application. For example, if a certain crime carries a maximum of five years or a fine not exceeding $1000, the sentencing court imposes a sentence not exceeding five years, and the reconsidering court substitutes a fine of $1000, the latter court's decision to do so is not reviewable—any more than a decision to reaffirm the original sentence would be reviewable.

We do not construe the quoted clause in section 902.4 to mean that a decision by a reconsidering court is not reviewable even if the decision exceeds the limits of the section. That is what we have here.

The action of the court in reconsidering Broten's sentence is of no effect. The original sentence stands.

REVERSED AND REMANDED.