STATE of Iowa, Plaintiff,

v.

B.C. SULLIVAN, Judge of the Second Judicial District of Iowa, Defendant.

No. 67003.

Supreme Court of Iowa.

Nov. 24, 1982.

Thomas J. Miller, Atty. Gen., Teresa Baustian, Asst. Atty. Gen., Sarah Coats, Student Legal Intern, and Gene W. Shepard, Butler County Atty., for plaintiff.

Karl A. Nelson of Holley & Nelson, Shell Rock, for defendant.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

CARTER, Justice.

The State brings this original certiorari proceeding challenging the legality of the defendant judge's order reinstating probation for Kenneth Eugene Roberts upon reconsideration of his sentence pursuant to Iowa Code section 902.4 (1981). The State contends that because the district court did not act within ninety days after Roberts began to serve his sentence of confinement, it was without power to reconsider the sentence under section 902.4. We agree with the State and conclude that the writ of certiorari should be sustained.

On September 7, 1978, Kenneth Eugene Roberts was charged by information with second degree burglary. He pleaded guilty to the offense charged and was sentenced to a term not exceeding ten years. This sentence was suspended, and Roberts was placed on probation for two years. He was allowed to move to Arkansas, and arrangements were made to have his probation transferred to that state.

In early 1979, Roberts was arrested in Cedar Falls, Iowa, and charged with operating a motor vehicle without the owner's consent. The facts underlying that charge as well as other alleged infractions of probation were made the subject of an application by the State to revoke his probation on the 1978 burglary conviction. Following a hearing on this application, the court, on January 26, 1981, issued an order revoking Roberts's probation after finding that he had been guilty of several violations of the probation agreement. As a result, Roberts was ordered to serve a sentence of not more than ten years. Roberts began to serve this sentence on February 7, 1981.

On March 24, 1981, Roberts filed a motion to reconsider his sentence. This motion referred to section 902.4 which provides as follows:

For a period of ninety days from the date when a person convicted of a felony, other than a class "A" felony or a felony for which a minimum sentence of confinement is imposed, begins to serve a sentence of confinement, the court, on its own motion or on the recommendation of the commissioner of social services, may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law. The court's final order in any such proceeding shall be delivered to the defendant personally or by certified mail. Such action is discretionary with the court, and its decision to take such action or not to take such action is not subject to appeal. The provisions of this section notwithstanding, for the purposes of appeal, a judgment of conviction of a felony is a final judgment when pronounced.

On June 24, 1981, the defendant judge ordered Roberts returned to court for a hearing on his motion to reconsider the sentence. That hearing was scheduled for June 26 and took place at that time. At the hearing, the State resisted the motion to reconsider by asserting that the court no longer had power to reconsider the sentence because more than ninety days had elapsed since Roberts began serving a sentence of confinement. The defendant judge disagreed, reconsidered the court's previous ac-

tion, and once more placed Roberts on probation. In explaining the delay between the March 24 motion and the June 26 hearing, the defendant judge stated:

> Well, I don't forget men that I send to the penitentiary. I remember them if I met them on the street twenty years from now, and I want to say that the reason [the motion] wasn't taken care of sooner is no fault of Mr. Nelson. He certainly got in touch with me, but anyone that knows anything about the congested docket of courts in this district, with one judge that was sick or laid up over 60 days and one had a heart attack, the judges in this district have been working overtime to put it to the very least. I may say that I worked till midnight last night on some matters, and so it couldn't be taken care of sooner, and I say that to you Mr. Roberts, so that you will know that the courts haven't been neglecting you or that Mr. Nelson hasn't been neglecting you.

I. Before discussing the State's argument in this case, we must deal with the challenge to our own jurisdiction to review the action of the defendant judge. Defendant contends that the State is foreclosed from challenging said action by virtue of that portion of section 902.4 which states that "[s]uch action is discretionary with the court, and its decision to take such action or not to take such action is not subject to appeal." The State is not, however, arguing the merits of the order; it is claiming that the court was without authority to take any action due to the expiration of the ninety-day period. Under these circumstances, we are not foreclosed from reviewing the legality of the challenged order on certiorari. As we said in *State v. Broten,* 295 N.W.2d 453, 455 (Iowa 1980), "[w]e do not construe the quoted clause in section 902.4 to mean that a decision by a reconsidering court is not reviewable even if the decision exceeds the limits of the section."

II. The State presents only one issue on this appeal—does the district court have any power to order a convicted felon returned to court for a reconsideration of sentence when an interval of more than ninety days has elapsed since the convicted person "begins to serve a sentence of confinement." [1]

In determining the meaning of section 902.4, we search for the legislature's intent as shown by what the statute actually says instead of what it should or might have said. Iowa R.App.P. 14(f)(13). "When a statute is plain and its meaning clear, courts are not permitted to search for meaning beyond its expressed terms." *State v. Sunclades,* 305 N.W.2d 491, 494 (Iowa 1981). When section 902.4 is considered in this light, we are forced to conclude that it effectively limits the time within which the court may act if a change of sentence is contemplated. While the State in its argument characterizes this limitation as a matter affecting jurisdiction, we conclude that it is more properly characterized as a limitation on the power or authority of the court to alter an otherwise final judgment.

It has been held that a sentence is a final judgment in a criminal case and, excepting statutory provisions, is the end of the case in regard to the control of the sentencing court. *Fine v. Commonwealth,* 312 Mass. 252, 256, 44 N.E.2d 659, 662 (1942). Federal courts have recognized that, in the absence of special statutes so providing, a sentencing court loses its power to suspend the execution of any part of a sentence and impose in lieu thereof probation once the judgment of confinement has been executed in whole or in part. *Glouser v. United States,* 340 F.2d 436, 437–38 (8th Cir. 1965), *cert. denied* 381 U.S. 940, 85 S.Ct. 1776, 14 L.Ed.2d 704 (1965); *see generally*

---

1. Although the present case involves the reconsideration of an order revoking probation rather than an original sentence, no claim is made by the State that section 902.4 is inapplicable to the existing factual situation. We therefore do not presently determine whether the language of the statute which permits review of "previous action" encompasses orders of confinement which come about from revocation of probation as well as original sentences of confinement.

*Affronti v. United States,* 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed. 62 (1955); *United States v. Murray,* 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309 (1928); *Phillips v. United States,* 212 F.2d 327 (8th Cir.1954).

The existence of similar limitations was recognized by this court at an early date. In *State v. Dougherty,* 70 Iowa 439, 440, 30 N.W. 685 (1886), it was determined that, as a result of Iowa Code section 178 (1873), authority to alter an otherwise proper judgment was limited to "the term at which it is made." The limiting provision of this 1873 statute was retained throughout the various code revisions which have been in existence from the time of *Dougherty* until 1973 when 1973 Iowa Acts chapter 295, section 11 was enacted to correspond with the abolition of terms of court. That statute provides:

> The record of any court proceedings is under the control of the court and, except as provided in section 789A.6,[2] may be amended or any entry therein expunged before it has been signed by the judge or within sixty days thereafter.

The latter statute was repealed effective January 1, 1978 by 1976 Iowa Acts chapter 1245(4), section 525. In the same chapter of the session laws, the legislature enacted what is now section 902.4.

We hold that section 902.4, like its statutory predecessors, recognizes a time limitation on the power of the court to amend a final judgment which otherwise conforms to statute. We further hold that this statute authorizes a new or substitute sentence for a criminal defendant only if the court first orders, within ninety days of the defendant's confinement, that the defendant be returned to court. It is not required that the return of the defendant to court occur within the ninety-day period, only that the order for such return be made during this period. The time of defendant's return to court can be scheduled to suit the

court's convenience. We reject any contention that we should adopt the rule prevalent in the federal courts that the filing of a motion to reconsider sentence within the prescribed time period tolls the time requirement of the statute. *See, e.g., United States v. Inendino,* 655 F.2d 108, 109–10 (7th Cir.1981). Unlike the statute under consideration, Federal Rule of Criminal Procedure 35, upon which the federal practice is based, does not require the performance of a specific act by the court within a prescribed time period.

We sympathize with the defendant judge's situation in the present case, involving a very crowded docket and the illness of other judges in the district. However, this does not allow us to ignore the plain language of section 902.4, which specifies what is to be done and when it must be done. That statute contains no "good cause" exception to the ninety-day requirement. Where such exceptions have been contemplated, the legislature has specifically provided therefor; *see, e.g.,* Iowa Rule of Criminal Procedure 27(2)(b) (after indictment, unless a speedy trial is waived, the defendant must be brought to trial within ninety days "or the court must order the indictment dismissed unless good cause to the contrary be shown"); Iowa Rule of Criminal Procedure 23(2)(e) (motions for new trial must be heard and determined within thirty days after filing "except upon good cause entered in the record").

We cannot agree with defendant's suggestion that the interpretation which we adopt renders the statute so inflexible as to be unjust. The concept of "shock probation" which it embodies will ordinarily be an extension of the original sentencing process and, as such, will either be within the contemplation of the court well before the ninety days has expired, or, not at all. The time limitations which the statute places on the court's power to act may be

---

2. The exception provided in Iowa Code section 789A.6 (1977) (now repealed) referred to dis-

charge of defendants from probation.

tolled by the simple expedient of filing the required order. Nothing in the statute precludes subsequent continuance of the proceedings initially ordered. Moreover, the statute recognizes that there may be some further delay between the time the incarcerated party is returned to court and the court's "final order in any such proceedings."

The failure of the sentencing judge to order Roberts's return to court within nine-ty days of the time of his confinement renders the subsequent order modifying Roberts's sentence void. The writ of certiorari must be sustained.

WRIT SUSTAINED.