STATE of Iowa, Plaintiff-Appellee,

v.

Lawrence Joseph DVORSKY, Defendant-Appellant.

No. 83–1434.

Court of Appeals of Iowa.

Sept. 6, 1984.

Jon M. Kinnamon of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for plaintiff-appellee.

Considered by SNELL, P.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

Defendant was convicted of involuntary manslaughter and was sentenced to a term not to exceed five years. The Supreme Court affirmed the conviction but remanded the cause for resentencing. Defendant was resentenced on November 29, 1982 to a term of five years. A notice of appeal was filed. On June 6, 1983, an order was filed stating that on May 31, 1983, the appeal was dismissed under Rule 104.

On June 17, 1983, a mittimus was issued and the defendant began serving his sentence on that date.

On August 29, 1983, the defendant filed an application for reconsideration of his sentence. The court found the defendant's sentence should not be reconsidered and the application was denied on September 13, 1983. Notice of appeal was filed on October 12, 1983.

The defendant on appeal raises the question of whether or not where the trial court exercises its discretion to reconsider or review a felon's sentence under 902.4 of the Iowa Code, 1983, it is required to have the defendant returned to court for a hearing.

We find the trial judge never exercised his discretion to review or reconsider the sentence. Hence, the issue is not before us and we dismiss the appeal.

**JURISDICTION**

The state contends that this court is without jurisdiction to hear this appeal because the notice of appeal was not timely filed.

A criminal appeal is perfected by filing a written notice within sixty days after judgment or order with the clerk of the district court wherein the judgment or order was issued. Iowa Code § 814.4.

■ Entry of a sentence constitutes final judgment in a criminal case. *State v. Aumann*, 236 N.W.2d 320, 321 (Iowa 1975).

The defendant was resentenced on November 29, 1982. Notice of appeal from the denial of reconsideration of sentence was filed October 12, 1983, well beyond the statutory period. Defendant contends his appeal is timely because he raises a question of statutory interpretation as to whether or not the trial court followed the procedure of Code of Iowa § 902.4 (1983) on reconsideration of a felon's sentence. § 902.4 provides in part:

"... the court, on its own motion ... may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute it for any sentence... *Such action is discretionary with the court, and its decision to take such action or not to take such action is not subject to appeal...*" (emphasis added).

■ A decision of a considering court is reviewable, however, if the decision exceeds the limits of 902.4. *State v. Sullivan*, 326 N.W.2d 361, 365 (Iowa 1982); *State v. Broten*, 295 N.W.2d 453, 455 (Iowa 1980). In *Broten* the reconsidering court suspended defendant's sentence. Broten was charged with a forcible felony and a deferred or suspended sentence was precluded by 907.3. The Supreme Court found the trial court exceeded the limits of the statute because the court on review could not defer the sentence because the sentencing court could not do so. In *State v. Sullivan*, 326 N.W.2d 361, 365 (Iowa 1982) the Supreme Court rendered an order, which modified a sentence, void because the order to return the defendant was not entered within 90 days as provided by statute. This is not a case of the trial judge being without authority to act as was the situation in *Broten* and *Sullivan*.

Dvorsky filed an application for reconsideration of his sentence under 902.4 of the Iowa Code. Section 902.4 provides that the discretionary review provision of the statute may be imposed upon the court's own motion. There is no provision in the statute for the filing of an application for reconsideration by the defendant, nor is there a provision requiring the court to act on a defendant's application.

■ The court here, after being advised of the defendant's application, filed a carefully worded ruling advising the defendant of its reasons why the defendant's sentence should not be reconsidered and denying the defendant's application. The trial court here did not exceed the limits of 902.4. The trial judge merely exercised his discretion not to take action under the statute. Section 902.4 clearly provides that the court's decision to take or not to take action under the section is not subject to appeal. Defendant has no right of appeal from the September 13, 1983 ruling.

The defendant had attached to his application some seventeen (17) letters requesting his incarceration be terminated and an additional twelve (12) were mailed directly to the trial court. In addition thereto the trial court had certain persons contact it on the defendant's behalf. The trial court made a telephone contact with the defendant's counselor at the Men's Reformatory in Anamosa. The trial judge included these facts in his rulings. The fact that these matters were considered by a conscientious trial judge in determining whether or not to exercise his discretion to reconsider the sentence does not turn the trial court's ruling into a ruling reconsidering the sentence.

APPEAL DISMISSED.