STATE of Iowa, ex rel. Dan JOHNSTON, Polk County Attorney, Plaintiff,

v.

DISTRICT COURT of Iowa, Honorable Rodney Ryan, Judge, Defendant.

No. 83–1563.

Supreme Court of Iowa.

Feb. 13, 1985.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Dan L. Johnston, County Atty., for plaintiff.

Tim Pearson of Hyland, Laden & Pearson, P.C., Des Moines, for amicus curiae Dennis Aldridge.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, CARTER, and WOLLE, JJ.

CARTER, Justice.

The State challenges two orders of the defendant judge in original certiorari proceedings which have been consolidated in this court.

The issues involve the validity of orders entered by the defendant judge in December, 1983 and January, 1984 with respect to a prior judgment and sentence entered in the Iowa District Court for Polk County on April 13, 1982. On the date last referred to, Dennis D. Aldridge was sentenced to serve three concurrent ten-year terms of imprisonment for three separate convictions of first-degree theft. The sentencing order provided that these terms of imprisonment were also to be served concurrently with an unexpired federal prison sentence, which Aldridge was required to serve based upon his conviction of a federal crime.

Upon imposition of this sentence, Aldridge began to serve his federal sentence in a federal institution. On December 8, 1983, Aldridge was released from custody of federal authorities. He was thereupon held by Iowa authorities by reason of a detainer issued for the execution of the

outstanding sentence contained in the April 13, 1982 sentencing order in Polk County.

Aldridge had earlier contended that another detainer involving a pending Polk County charge was invalid because the State had agreed to dismiss that charge as part of a plea bargain entered into in the disposition of the three theft charges involved in the April 13, 1982 judgment and sentence. Apparently Aldridge was correct in this contention as the State withdrew its retainer based on that charge. Although there is some ambiguity as to which detainer Aldridge's counsel was seeking to remove, the order entered by the defendant judge on December 9, 1983 provided for cancellation of the detainer issued in relation to execution of the sentences imposed on April 13, 1982.

 We are unable to ascertain with certainty if the defendant judge intended to leave the challenged order in effect as to the detainer issued to secure execution of the April 13, 1982 sentences. His subsequent actions indicate that he probably did not. No argument is made in this certiorari proceeding which would establish any authority on his part to vacate the execution issued on the sentences imposed on April 13, 1982. The mechanics of issuing execution in the case of criminal judgments is outlined in Iowa Rule of Criminal Procedure 24(1). Rule 24(1)(a) provides that rendition of judgment makes issuance of an appropriate execution mandatory. While the sentencing court doubtless has power to recall executions not comporting with the judgment or to delay the issuance of executions for a reasonable period of time, no facts have been made to appear which would justify a withholding, recall, or cancellation of execution in the present case. To the extent that the defendant judge's order purports to do so, the writ must be sustained.

The more difficult issue with which we are presented arises from the action of the defendant judge on January 6, 1984 reconsidering Aldridge's April 13, 1982 sentence under Iowa Code section 902.4 (1981). Upon such reconsideration, those sentences were modified, and Aldridge was placed on probation under each of the three convictions.

The State urges that the court's failure to act within ninety days from the date Aldridge began to serve the federal sentence of confinement precluded the defendant judge from acting to reconsider the April 1982 sentence in January of 1984. In *State v. Sullivan,* 326 N.W.2d 361, 363–64 (Iowa 1982), we recognized that generally a criminal sentence conforming to statute is a final judgment in a criminal case and concludes the case as to the authority of the sentencing court in the absence of some statute extending that authority. We held that, to the extent the court's authority is so extended by section 902.4, that authority ceases unless an appropriate order for return of the incarcerated person is entered within the ninety-day period prescribed by the statute.

The sole issue in the present case is when the ninety-day period, determined to be jurisdictional in *Sullivan,* commences to run. Counsel for Aldridge, in seeking to uphold the order of the defendant judge, urges that the ninety-day period does not commence until confinement of a defendant under the same sentence for which reconsideration is sought. The State counters this contention by pointing out that the language of section 902.4 authorizes reconsideration of sentence "[f]or a period of ninety days from the date when a person convicted of a felony ... begins to serve a sentence of confinement."

 In searching for the meaning of criminal statutes, as in the case of other types of legislative enactments, we consider the evil sought to be remedied and the objects or purposes the legislative enactment seeks to obtain. *State v. Moorhead,* 308 N.W.2d 60, 63 (Iowa 1981); *State v. Sullivan,* 298 N.W.2d 267, 281 (Iowa 1980). Applying this standard in the present case, we reach the conclusion that the commencement of any sentence of confinement, whether under the same judgment by the same court, a different judgment of the same court, or a different

judgment of a different court, triggers the ninety-day period within which a court must act if there is to be a valid reconsideration of sentence.

■ As we stated in *Sullivan*, 326 N.W.2d at 364, "[t]he concept of 'shock probation' which [section 902.4] embodies will ordinarily be an extension of the original sentencing process and, as such, will either be within the contemplation of the court well before the ninety days has expired, or, not at all." The existence of the intervening federal incarceration was a circumstance beyond the sentencing court's control in the present case. Notwithstanding this fact, we believe the resulting period of delay places Aldridge's situation outside of that category of cases for which the legislature reserved an opportunity for reconsideration of sentence. For the reasons stated, the writs must be sustained and both of the challenged orders rescinded.

WRITS SUSTAINED.