**STATE of Iowa, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR LEE COUNTY, Defendant.**

No. 86–25.

Supreme Court of Iowa.

Aug. 20, 1986.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan and Thomas H. Miller, Asst. Attys. Gen., for plaintiff.

Paul H. Rosenberg of Rosenberg, Rosenberg & Reade, Des Moines, for amicus curiae Donald Kness.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ and WOLLE, JJ.

SCHULTZ, Justice.

The district court reviewed and reconsidered a six-month jail sentence, which had

**144**

been imposed more than three years earlier, for contempt of court. In reconsidering the sentence, the court relied upon Iowa Code section 903.2 [1] which allows the court to reconsider a misdemeanor sentence during a thirty-day period beginning on the date the person "begins to serve a sentence of confinement." The original order provided that the sentence was to be consecutive to a sentence already being served in prison for a felony. The district court substituted a sentence to run concurrently with the felony sentence. The question presented is whether the thirty-day time limit imposed by section 903.2 for reconsideration, which commences when the person "begins to serve a sentence," had expired, depriving the court of authority to reconsider and change the previously imposed sentence.

In 1981 Donald Kness was a prison inmate serving concurrent sentences of twenty-five years for two felonies. He refused to testify before a grand jury investigating a 1981 prison riot and was found to be in contempt of court in 1982. He was sentenced to a six-month jail term to commence at the expiration of the federal sentence already being served. The federal sentence expired in 1986.

In October 1985 Kness contacted the sentencing judge, requesting a review and reconsideration of his jail sentence. The court secured and studied copies of his records and entered an ex parte order to provide that the six-month jail sentence run concurrently with any unexpired prison sentence being served by Kness.

The State challenges the action of the district court by this certiorari action. The State does not claim that section 903.2 does not provide the court authority to reconsider a sentence for contempt; consequently, we do not decide that issue. Rather, it claims that section 903.2 was unavailable to the court because Kness was already serving a sentence of confinement. Also, they

claim that the district court in sentencing had no discretion to impose other than a consecutive sentence because Kness committed contempt while confined in a penal institution. Pursuant to Iowa Code section 901.8 (1981), "the sentencing judge shall order the sentence to begin at the expiration of any existing sentence."

In support of its contention that the district court lacked authority to reconsider Kness' contempt sentence, the State cites *State ex rel. Johnston v. District Court,* 362 N.W.2d 205 (Iowa 1985), in which we held that reconsideration of a felony sentence may be ordered within ninety days of the commencement of the service of any sentence of confinement. *Id.* at 207–08. The State urges that a misdemeanant's sentence would be governed by the same standard as a felony sentence. Because Kness had been incarcerated since 1982, and thirty days had passed since he began to serve a sentence of confinement, the State contends reconsideration was improper.

We concluded in *Johnston* "that the commencement of any sentence of confinement, whether under the same judgment by the same court, a different judgment of the same court, or a different judgment of a different court, triggers the ninety-day period within which a court must act if there is to be a valid reconsideration of sentence." *Id.* Interpreting the felony reconsideration section, we held that the confinement of a defendant in a federal institution after sentencing for more than ninety days deprived the court of authority for reconsideration of sentence. *Id.* In *Johnston,* the defendant was sentenced by the state court to three concurrent ten-year terms. This state sentence was to run concurrently with an unexpired federal sentence. When the federal sentence expired, the defendant then sought reconsideration of the state sentence. The district court reconsidered, not within ninety days of the

---

1. Section 903.2 in pertinent part states:
   For a period of thirty days from the date when a person convicted of a misdemeanor begins to serve a sentence of confinement, the

court may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law.

original state sentencing, but two years later, and modified the sentence. We explained that the delay placed the defendant "outside of that category of cases for which the legislature reserved an opportunity for reconsideration of sentence." *Id.* at 208.

We previously have stated that section 902.4 "recognizes a time limitation on the power of the court to amend a final judgment which otherwise conforms to statute." *State v. Sullivan*, 326 N.W.2d 361, 364 (Iowa 1982). We held in *Sullivan* "that this statute authorizes a new or substitute sentence for a criminal defendant only if the court first orders, within ninety days of the defendant's confinement, that the defendant be returned to court." *Id.*

■ The teachings of *Johnston* and *Sullivan* are that the district court only has authority to reconsider a felony sentence if it orders reconsideration within the specified time period which begins to run with the commencement of any sentence. For a defendant who is confined at the time of sentencing, the period commences immediately following the imposition of the additional sentence. We see no reason to differentiate between a felony sentence and a misdemeanor sentence in this respect.

■ Consequently, we conclude that the district court did not possess authority to reconsider Kness' sentence under section 903.2 because more than thirty days had elapsed between the additional sentencing and the reconsideration of the additional sentence.

In view of this holding, we need not consider the State's second contention concerning the authority of the court to order a concurrent sentence for a defendant who is confined in prison when he was found in contempt of court.

The reconsideration of Kness' sentence was not authorized by section 903.2. The petition for writ of certiorari is sustained.

WRIT SUSTAINED.