**Douglas Scott COLEMAN, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR LINN COUNTY, Defendant.**

No. 88–822.

Supreme Court of Iowa.

Oct. 18, 1989.

Jerry Zimmerman of Joe Johnston Law Firm, P.C., Cedar Rapids, for plaintiff.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Denver Dillard, Co. Atty., and Jerry Vander Sanden, Asst. Co. Atty., for defendant.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

CARTER, Justice.

The plaintiff in this original certiorari action was the defendant in a criminal prosecution in the district court. He challenges an order entered pursuant to Iowa Code section 902.4 (1987) which, following his parole from a sentence of incarceration, imposed shock probation with conditions requiring his confinement in a community corrections center.

Coleman was convicted of involuntary manslaughter in 1985, judgment was deferred, and he was placed on probation. That probation was revoked in March 1988, and he was ordered to serve a prison sentence not to exceed five years. Prior to the expiration of the ninety-day period for reconsidering his sentence under Iowa Code

section 902.4, he was granted a parole. After the grant of parole but within the ninety-day period, the district court, pursuant to section 902.4, again placed Coleman on probation and, as a condition thereof, ordered that he be confined in the community correction center for 180 days or until maximum benefits had been attained.

In challenging the district court's order, Coleman contends that the action of the parole board terminated the authority of the district court to alter his sentence under section 902.4. He also raises statutory and constitutional challenges to the district court's order on the ground that the sentence imposed on reconsideration constituted a more severe limitation of his liberty interests than did the original sentence. We find no merit in these contentions and annul the writ of certiorari.

Coleman asserts that to permit the action taken by the sentencing judge in the present case impermissibly impedes the authority of the board of parole. We disagree.

■■■ Ordinarily, unless statutes are in direct conflict, they should be read together and, if possible, harmonized. *State v. Bessenecker*, 404 N.W.2d 134, 137 (Iowa 1987); *Hardwick v. Bublitz*, 253 Iowa 49, 54, 111 N.W.2d 309, 311–12 (1961). We find that the respective authorities of the court and the board of parole may be reconciled in a manner that is consistent with the action taken by the sentencing judge. By definition, a parole is "the release of a person who has been committed to the custody of the director of the Iowa department of corrections by reason of the person's commission of a public offense." Iowa Code § 906.1 (1987). As long as Coleman's status fell within this definition, the board of parole was authorized by statute to release him from custody on such conditions as it may impose.

■■■ We conclude that, just as the board of parole was acting within its statutory authority in paroling Coleman while under sentence to the custody of the department of corrections, the district court was acting under its statutory authority in reconsidering his sentence within the ninety-day period specified in section 902.4. *See State v. Iowa Dist. Court*, 392 N.W.2d 143, 144–45 (Iowa 1986); *State ex rel. Johnston v. District Court*, 362 N.W.2d 205, 207–08 (Iowa 1985). It is not within the province of the board of parole to interfere with the power of a court to abrogate or amend a sentence when that power is granted to the court by express legislative directive. Thus, to deny that right does not impede its authority.

■■■ Coleman also challenges the district court's order on the basis that it is not the purpose of section 902.4 to permit a more severe sentence on reconsideration than the one originally imposed. He couples this argument with the claim that such action violates the constitutional limitation of increasing punishments imposed in prior judgments as recognized in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We find no merit in these contentions. Nothing in section 902.4 suggests that it does not permit a sentencing judge to replace a sentence of incarceration in the custody of the director of corrections (subject to the powers of the board of parole) with a sentence of probation subject to conditions imposed by the sentencing judge. Nor do we believe limitations on increased punishment on resentencing apply to situations where a statute provides that an initial sentence is conditional and subject to review by the sentencing judge within a specified period of time.

We have considered all arguments advanced and find no basis for sustaining the writ of certiorari.

WRIT ANNULLED.