STATE of Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.

No. 91–1791.

Supreme Court of Iowa.

Nov. 25, 1992.

cases.

Bonnie J. Campbell, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., John P. Sarcone, County Atty., and Scott Rosenberg, Asst. County Atty., for plaintiff.

Robert J. Kromminga, Des Moines, for defendant.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL and ANDREASEN, JJ.

CARTER, Justice.

In this certiorari review, the State urges that the district court acted illegally and beyond its authority in reconsidering the sentence of a criminal defendant pursuant to Iowa Code section 902.4 (1991). After considering the arguments presented, we disagree with that contention and annul the writ previously issued.

On April 25, 1991, Edward Lee Briggs pleaded guilty to a charge of sexual abuse in the third degree. On June 27, he pleaded guilty to three counts of dissemination and exhibition of obscene material to a minor and was adjudicated guilty of supplying alcoholic liquor, wine, or beer to a minor. Briggs was sentenced to serve not more than ten years for the sexual abuse conviction and six months on the other convictions. He began his sentence of confinement on July 1, 1991.

Section 902.4 provides, in part:

For a period of ninety days from the date when a person convicted of a felony ... begins to serve a sentence of confinement, the court, on its own motion or on the recommendation of the director of the Iowa department of corrections, may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law.

On September 27, 1991, with only one day remaining of the ninety-day period provided in this statute, the district court made the following order:

IT IS THE ORDER OF THE COURT that time for reconsideration in these cases is tolled to allow the Court time to receive a progress report from the Correctional Facility.

On October 15, 1991, the district court entered another order providing that Briggs be returned to court for reconsideration of sentence. Then, on October 25, the court suspended the ten-year sentence on the sexual abuse conviction and granted Briggs probation on that conviction.

Relying on a literal interpretation of section 902.4, the State urges that the only action that can authorize a reconsideration of sentence after ninety days is a timely order providing that the defendant "be returned to the court." It argues that the district court has no authority to extend the time for making such an order. Some of the language contained in *State v. Sullivan*, 326 N.W.2d 361 (Iowa 1982), gives credence to this contention. We stated in that case that "this statute [section 902.4] authorizes a new or substitute sentence for a criminal defendant only if the court first orders, within ninety days of the defendant's confinement, that the defendant be returned to court." *Id.* at 364.

Notwithstanding the statutory language and our use of similar language in *Sullivan*, we are not convinced that the district court's resentencing order in the present case must be nullified. It is axiomatic that the binding force of a prior appellate opinion is coextensive with the facts upon which it is founded. *Perfection Tire & Rubber Co. v. Kellogg–Mackay Equip. Co.*, 194 Iowa 523, 530, 187 N.W. 32, 35 (1927). To sustain a claim of binding precedent, a prior appellate opinion must be interpreted in reference to the question that necessarily had to be decided in that case. *State v. Foster*, 356 N.W.2d 548, 550 (Iowa 1984).

The flaw in the reconsideration of sentence disapproved in *Sullivan* was that nothing occurred within the ninety-day period to indicate the court's intention to act under section 902.4. In answering the question presented, we merely utilized the language of the statute to describe an order that might have been made to preserve the court's authority to act. It was not necessary to decide in *Sullivan* whether

some other type of order indicating the court's intention to invoke section 902.4 would have preserved that authority. We are now encountering that question as a matter of first impression.

We did recognize in *Sullivan* that, under section 902.4, the time of a defendant's return to court is not essential to the court's continuing authority to act beyond the ninety-day period. We observed:

> Nothing in the statute precludes subsequent continuance of the proceedings initially ordered. Moreover, the statute recognizes that there may be some further delay between the time the incarcerated party is returned to court and the court's "final order in any such proceedings."

*Id.* at 361. In reviewing strict procedural requirements in another context, we have observed that "considerations of uniformity through strict interpretation of arbitrary rules of procedure will not be permitted to produce unreasonable or harsh decisions where any other result is reasonably possible." *Stollar v. Turner,* 236 Iowa 628, 642–43, 19 N.W.2d 585, 592 (1945).

Given the limited significance of a defendant's actual time of return, we do not believe that the legislative intent is frustrated if, as here, some order is filed within the ninety-day period indicating an intention to invoke section 902.4 and the court proceeds in an orderly fashion to do so. This is particularly true when the reason for not actually ordering the defendant's return within the ninety-day period was the inability of correction authorities to provide within that period information necessary to the resentencing determination.

We have considered all of the contentions presented and conclude that the writ should be annulled.

WRIT ANNULLED.