**IN THE COURT OF APPEALS OF IOWA**

No. 21-0878
Filed June 15, 2022

**RYAN LAMAR BEARD JR.,**
       Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.


       An applicant appeals from the denial of his postconviction-relief application.

**AFFIRMED.**


       Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

       Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.


       Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Ryan Beard was charged with three counts of first-degree robbery in August 2018. He signed a plea agreement, lowering the charges to second-degree robbery. During the plea hearing, the State announced it would ask the court to require Beard to serve at least seventy percent of his sentence before becoming parole eligible, though both Beard's trial counsel and the court noted the sentence could be as low as a fifty percent mandatory minimum. *See* Iowa Code § 902.12(4) (2018). At the later sentencing hearing, the State recommended concurrent sentences—ten years each—with a seventy percent mandatory minimum. But, Beard's trial counsel agreed with the recommendation of seventy percent, citing Beard's wish to accept responsibility for his actions. The court, in its January 2019 sentencing colloquy, explained it had considered a fifty percent mandatory minimum, but determined the seventy percent recommended by the attorneys was appropriate. It also considered the defendant's age, prior record, employment, and family circumstances as laid out in the presentence investigation report. The court gave Beard a chance to speak, at which time he voiced no objection.

Following his sentence, Beard applied for postconviction relief (PCR). At the PCR hearing, Beard testified his attorney never discussed with him the decision to agree with the State's recommendation of a seventy percent mandatory minimum, so Beard never agreed to such a plan. Beyond that, Beard argued his trial counsel was ineffective for failing to argue sentencing considerations, such as his young age, that might have swayed the court in favor of the lesser percentage.

Beard's trial counsel told a different story in his deposition, which was part of the evidence admitted by the PCR court. He testified his focus was on

increasing Beard's chance to receive concurrent sentences, as well as impressing on the sentencing court that Beard was cooperative and taking responsibility for his actions. Trial counsel planned to wait nine months, giving Beard a chance to get involved and show progress while in prison, in the hopes that he could then seek the court's reconsideration and have the sentence dropped to a fifty percent mandatory minimum. Beard's trial counsel also testified Beard knew about the plan and agreed with the strategy. But after the sentencing, Beard refused a meeting when his trial counsel came to visit.

The PCR court found trial counsel more credible, noting that Beard had not spoken up in moments where the sentencing court had allowed him to do so and never asked for time to speak to his trial counsel about why he was not seeking the lower mandatory minimum. So the court took trial counsel at his word and chalked up the choice to pursue the reconsideration route as a reasonable trial strategy, not ineffective counsel. Beard's PCR application was denied. He now appeals.

While we typically review a district court's denial of a PCR application for correction of errors at law, we review an application asserting ineffective assistance of counsel de novo because it is a constitutional claim. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). To establish counsel was ineffective, an applicant must prove both that (1) counsel failed to perform an essential duty and (2) that failure prejudiced the applicant. *Id.* Failing to prove either prong is fatal to the claim. *State v. Majors*, 940 N.W.2d 372, 391 (Iowa 2020). We are deferential to, though not bound by, the credibility findings of the PCR court. *Sothman*, 967 N.W.2d at 522.

Beard argues that his trial counsel was ineffective for (1) failing to consult with him about the sentencing strategy and (2) for not arguing for a fifty percent mandatory minimum or presenting mitigating factors.

We need not delve too far into the first issue— finding the analysis of the PCR court persuasive, we note it is more credible that Beard was consulted about the strategy. Beard's silence at sentencing over the agreement voiced by the State and his trial counsel supports this finding.

As to the second issue, Beard cannot meet the first prong of the test. Proving a breach for failing to perform an essential duty requires an applicant to show their attorney's performance fell below the standard of a reasonably competent attorney. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). There is an initial presumption that an attorney performed competently. *Id.* "Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel," so "claims of ineffective assistance involving tactical or strategic decisions of counsel must be examined in light of all the circumstances to ascertain whether the actions were a product of tactics or inattention to the responsibilities of an attorney guaranteed a defendant under the Sixth Amendment." *Id.* at 143. We find no evidence that trial counsel's decision to agree to the seventy percent mandatory minimum was based on inattention rather than legal strategy. Because Beard refused further contact with his trial counsel, the strategy did not play out, but the success of the strategy is not the standard. *See Anfinson v. State*, 758 N.W.2d 496, 501 (Iowa 2008) ("The [PCR] court must not 'assume the role of Monday morning quarterback in condemning counsel's judgment in choosing between what are frequently equally

hazardous options available to [them].'  The real issue is not whether defense counsel's actions were successful, but whether they were 'justifiable.'" (internal citations omitted)).

Because we find no breach of an essential duty, we affirm the PCR court's denial of Beard's PCR application.

**AFFIRMED.**

Ahlers, J., concurs; Tabor, P.J., concurs specially.

**TABOR, Judge.** (specially concurring)

Like the majority, I would affirm the denial of postconviction relief. But I would do so on the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Unlike the majority, I do not believe that trial counsel pursued a reasonable strategy in waiting to "ask for a reconsideration" of the seventy-percent mandatory minimum sentence after Beard had served nine months in prison rather than seeking a fifty-percent mandatory minimum "at the time of sentencing" as provided in Iowa Code section 901.11(4) (2018).

The district court decided trial counsel performed effectively by deciding to "play it safe and save their evidence for a reconsideration hearing." The majority finds that analysis persuasive. I disagree. Reconsideration of a felon's sentence is governed by Iowa Code section 902.4, which states:

> For a period of one year from the date when a person convicted of a felony, other than a class "A" or class "B" felony, begins to serve a sentence of confinement, the court, on its own motion or on the recommendation of the director of the Iowa department of corrections, may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law. Copies of the order to return the person to the court shall be provided to the attorney for the state, the defendant's attorney, and the defendant. Upon a request of the attorney for the state, the defendant's attorney, or the defendant if the defendant has no attorney, the court may, but is not required to, conduct a hearing on the issue of reconsideration of sentence . . . .

As our court has said: "There is no provision in the statute for the filing of an application for reconsideration by the defendant, nor is there a provision requiring the court to act on a defendant's application." *State v. Dvorsky*, 356 N.W.2d 609, 610 (Iowa Ct. App. 1984). It was unsound strategy for defense counsel to bank on a reconsideration motion not contemplated by statute.

That said, Beard cannot show that but for his counsel's omission, there was "a reasonable probability that he would have received a more lenient sentence." *State v. Olds*, No. 11-1275, 2013 WL 100069, at *2 (Iowa Ct. App. Jan. 9, 2013) (citing *Glover v. United States*, 531 U.S. 198, 202–04 (2001)). Beard accepted a favorable plea agreement with significant sentencing concessions by the State. As the State argues on appeal, "nothing but speculation" supports Beard's contention that he would have received a lesser mandatory minimum if his attorney had urged that result.