# IN THE SUPREME COURT OF IOWA

No. 22–1062

Submitted November 16, 2023—Filed December 15, 2023

**STATE OF IOWA,**

 Appellee,

vs.

**DAVID DANIEL GORDON,**

 Appellant.

---

Appeal from the Iowa District Court for Cerro Gordo County, James M. Drew, Senior Judge.

A defendant challenges a sentencing court's rejection of his request for a deferred judgment in his initial sentencing and upon the sentencing court's reconsideration of the sentence. **JUDGMENT AND SENTENCE AFFIRMED; WRIT ANNULLED.**

McDermott, J., delivered the opinion of the court, in which all justices join.

Karmen R. Anderson, Des Moines, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

**McDermott, Justice.**

The law equips judges with an array of options when sentencing the guilty. Under one such option, a sentencing judge within one year of having sentenced someone to prison may resentence the person. This strategy allows the judge to modify a sentence after the guilty party has served some weeks or months incarcerated and thus permits what is sometimes referred to as "shock" probation—probation granted after a brief stay in prison intended to rouse the defendant to the prospect of a longer confinement if misbehavior continues. The question presented in this case is whether the statute that authorizes judges to resentence defendants permits the judge to defer judgment, which would undo not only the prior sentence but also the underlying adjudication of guilt.

## I.

The State charged seventeen-year-old David Gordon with robbery in the first degree under Iowa Code § 711.2 (2021), a class "B" felony, and willful injury resulting in serious injury under § 708.4(1), a class "C" felony. Gordon pleaded guilty to amended charges of theft in the first degree under Iowa Code § 714.2(1), a class "C" felony, and willful injury resulting in bodily injury under § 708.4(2), a class "D" felony. In his plea, Gordon stated that he cut the victim with a knife to assault him and cause pain and was aware that this could result in a serious injury, either by causing permanent disfigurement or by endangering his life. Gordon also stated that he removed a cell phone from the victim's pocket and later threw it into a ditch.

The plea agreement left the parties free to argue about the sentence. Gordon argued for a deferred judgment, emphasizing his relative youth, his lack of criminal history, the death of his father a few years earlier, and recent efforts at rehabilitation. The State argued for a prison term of ten years for the theft conviction and five years for the willful injury conviction to be served

consecutively, emphasizing that Gordon stabbed the victim multiple times, necessitating a medical operation.

The district court sentenced Gordon to ten years in prison for the theft conviction and five years for the assault conviction with the sentences to run concurrently. The district court recited as considerations in its sentence Gordon's age, attitude, lack of a prior criminal record, employment status, family circumstances, the nature of the offense, the information in the presentence investigation report, and the need for deterrence.

Gordon appealed the sentence but also filed a motion with the district court requesting reconsideration of the sentence under Iowa Code § 902.4. The district court held a hearing on the motion several months later. At the hearing, Gordon again argued for a deferred judgment. The State resisted any reconsideration of the sentence.

The district court initially announced that it would resentence Gordon to a deferred judgment. The State responded by discussing an unpublished opinion in which the court of appeals held that courts lack authority to grant a deferred judgment when reconsidering a sentence under § 902.4. *See State v. Giunta*, No. 15–1867, 2016 WL 2743454, at *2 (Iowa Ct. App. May 11, 2016). Gordon argued that the statute's language granted the power to impose a deferred judgment.

The judge recessed briefly to review the court of appeals opinion, and upon his return stated:

> I'm going to have to reverse everything I've said and suspend your sentence. . . . [I]f the Supreme Court or the Court of Appeals says that I do, in fact, have the authority to grant you a deferred, they'll remand it and I will do that. That would be what I would do if that option were available to me. . . .
>
> So I am going to simply reconsider your sentence, place you on probation as I previously described.

The district court imposed the same sentence as before but suspended the sentence and placed Gordon on probation for up to five years.

Gordon filed a petition for writ of certiorari challenging his resentence. The State resisted. Gordon also filed an application to extend the briefing deadline in his pending appeal and requested to stay those proceedings until the resolution of the writ of certiorari. We granted the writ of certiorari but denied the request to stay the pending appeal and instead consolidated the appeals.

## II.

Gordon presents two arguments on appeal. He first argues that the district court abused its discretion by not granting him a deferred judgment in its initial sentencing. He alternatively argues that the district court abused its discretion when resentencing him by erroneously concluding that it lacked authority under § 902.4 to defer judgment.

## A.

We presume that a sentence within the statutory limits is valid and to overturn it the defendant must show that the district court abused its discretion or relied on inappropriate factors. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). A district court abuses its discretion when the sentence is based on grounds that were clearly untenable or unreasonable. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).

Gordon argues that the court failed to properly consider multiple factors at his initial sentencing when the court refused to defer judgment. He contends that the district court failed to give sufficient weight to his age (seventeen at the time he committed the crimes and eighteen at sentencing) and how his immaturity caused him to fail to appreciate the risks and consequences of his actions. Gordon argues that the court failed to appreciate the nature of the crime and how it stemmed from an altercation between teenagers. He likewise asserts that

the court insufficiently considered the effect his father's recent death has had on his life and development. Gordon further recites that the presentence investigation report showed no prior history of violence or dangerous behavior and, on the contrary, showed that he'd recently graduated from high school and held a steady job. And he argues that the district court failed to appreciate his good behavior and acceptance of responsibility for his actions displayed in the year since the crime before his sentencing.

A sentencing court must determine which sentencing option "is authorized by law for the offense" and "which of them or which combination of them, in the discretion of the court, will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. When determining the appropriate sentence, the court must consider "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

We find no abuse of discretion in the district court's refusal to grant Gordon's request for a deferred judgment at his initial sentencing. The district court adequately explained—at some length—its consideration and weighing of each of the factors that Gordon points to. But it also discussed factors that, in its view, cut against a deferred judgment. It noted that the presentence investigation report included a recommendation from the department of correctional services that Gordon receive a sentence of incarceration. The district court examined closely the nature of the offense, which it described as involving "serious violence and the use of a weapon." The district court elaborated:

> [D]espite the fact that you were a juvenile when this was committed, this -- your actions strike me as -- I guess bizarre is the word that I want to use to describe them. Almost inexplicable. And, frankly, that causes me to wonder whether you're dangerous. You might not be,

but your actions on this occasion indicate that you have serious deficiencies regarding impulse control. Granted, you're a young man. That can be related to that. But this was really quite shocking what you did. When you involve a weapon and you intend to cause serious injury to another human being, that sends a signal that you very well might be a dangerous person . . . .

I readily admit that this is not an easy sentencing decision and -- mostly because of your age and also because of the excellent arguments that Mr. Taylor has made on your behalf. But I'm not convinced in my mind that you understand just how serious this is. We've got a weapon. We've got the use of that weapon against another individual with the intent to cause serious injury.

The record makes clear that the district court considered and weighed the arguments for and against a deferred judgment and thoroughly explained its reasoning for the sentence imposed. The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently. "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* We find no evidence that the sentence was based on grounds that were untenable or unreasonable and thus find no abuse of discretion in the district court's initial sentence.

## B.

We turn to Gordon's argument that the district court abused its discretion when resentencing him by erroneously concluding that it lacked authority to grant a deferred judgment. Authority for a sentencing judge to reconsider a felon's sentence in certain cases appears in Iowa Code § 902.4. It states in relevant part:

For a period of one year from the date when a person convicted of a felony, other than a class "A" or class "B" felony, begins to serve a sentence of confinement, the court, on its own motion or on the recommendation of the director of the Iowa department of corrections, may order the person to be returned to the court, at which time the court may review its previous action and reaffirm it or substitute for it any sentence permitted by law.

Iowa Code § 902.4.

Gordon argues that a deferred judgment constitutes a "sentence" and thus the district court could substitute a deferred judgment for its initial sentence under this statute. In support of his argument, Gordon directs us to the definition of deferred judgment: "a sentencing option whereby both the adjudication of guilt and the imposition of a sentence are deferred by the court." *Id.* § 907.1(1). Gordon highlights that the statutory definition refers to deferred judgments as "a sentencing option" and argues that this places them within the "any sentence" language in § 902.4. *Id.* § 902.4; *id.* § 907.1(1).

But a deferred judgment involves more than a sentence. We consider the entire statute when determining its meaning, "not just isolated words and phrases." *Story Cnty. Wind, LLC v. Story Cnty. Bd. of Rev.*, 990 N.W.2d 282, 286 (Iowa 2023) (quoting *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014)). The language in the definition of a deferred judgment that follows the portion that Gordon highlights states that a deferred judgment is "a sentencing option whereby both the *adjudication of guilt* and the *imposition of a sentence* are deferred by the court." Iowa Code § 907.1(1) (emphasis added). The definition identifies two fundamental features of a deferred judgment: (1) deferring a judgment adjudicating guilt, and (2) deferring a sentence. *Id.* These dual components are referenced again in a second sentence in the definition, which states: "The court retains the power to pronounce judgment *and* impose sentence subject to the defendant's compliance with conditions set by the court as a requirement of the deferred judgment." *Id.* (emphasis added). An obvious clue that a deferred judgment involves more than a sentence appears on the face of the term: deferred *judgment*.

Text elsewhere in the criminal code supports a reading that distinguishes a judgment adjudicating guilt from a sentence. *See State v. Richardson*, 890 N.W.2d 609, 618 (Iowa 2017) (noting "how the phrase . . . is used elsewhere in

the Iowa Code" can serve as an interpretive tool). In a listing of judgment and sentencing powers in § 901.5, the Code (describing the resentencing authority in § 902.4) states: "The court may pronounce judgment and sentence the defendant to confinement and then reconsider the sentence as provided by section 902.4 . . . ." Iowa Code § 901.5(6). So after mentioning both acts—"pronounce judgment and sentence the defendant"—this statute (like § 902.4 itself) specifies that the reconsideration power applies only to one of them: "the sentence." *Id.* What's more, a different provision in the criminal code that the legislature recently rescinded, § 901.5A(1), likewise addressed resentencing within the first year of a defendant's confinement for certain crimes. *Id.* § 901.5A(1) (repealed July 1, 2023). Unlike § 902.4, the text of § 901.5A(1) stated that a defendant "may have the *judgment and sentence* entered under [the particular felony statute] reopened for resentencing." *Id.* (emphasis added). This language suggests that when the legislature intends to grant reconsideration power over both judgment and sentence, it says so in the statute. As a final matter, even Gordon's main textual argument—highlighting in the definition of deferred judgment the phrase "a sentencing option," *id.* § 907.1(1)—offers marginal persuasive potency; a *sentence* and a sentencing *option* connote different things.

Gordon argues that two of our prior cases, *State v. Broten*, 295 N.W.2d 453 (Iowa 1980), and *State v. Iowa District Court*, 572 N.W.2d 587 (Iowa 1997), leave open the possibility that a court may defer judgment when reconsidering a sentence. We disagree. In *Broten*, the district court suspended a sentence for a forcible felony on reconsideration despite a statute that prohibited suspended sentences for forcible felony convictions. 295 N.W.2d at 454. Because § 902.4 authorizes on reconsideration only sentences permitted at the initial sentencing, we held that the court erred in granting the suspended sentence since it could not have imposed it initially. *Id.* at 455. And in *Iowa District Court*, we addressed

whether the sentencing court could consider a suspended sentence under § 902.4 when the defendant had not actually begun to serve the term of confinement. 572 N.W.2d at 587–88. This issue isn't presented here since Gordon was incarcerated before his resentencing. Neither case involved the imposition of a deferred judgment and neither case reached the question of whether a deferred judgment is a "sentence" for purposes of § 902.4 to permit its substitution.

"An adjudication of guilt is a judicial declaration of the defendant's legal guilt of the offense charged." *State v. Farmer*, 234 N.W.2d 89, 92 (Iowa 1975). But with a deferred judgment, the court enters no adjudication of guilt and imposes no sentence. Iowa Code § 901.5(1); *id.* § 907.3(1)(*a*). The defendant instead is placed on probation. *Id.* § 907.3(1)(*a*). If the defendant successfully completes the probation, the defendant is discharged, no judgment or sentence is entered or imposed, and the court's criminal record in the case is expunged. *Id.* §§ 907.3(1)(*c*), 907.9(4)(*b*). If the defendant fails to complete the probation, the court may revoke the probation, enter judgment, and sentence the defendant. *Id.* § 907.3(1)(*b*). A deferred judgment is not a "final judgment" providing a right of direct appeal. *State v. Stessman*, 460 N.W.2d 461, 462–63 (Iowa 1990).

There must be an adjudication of guilt before the imposition of a criminal sentence. *Farmer*, 234 N.W.2d at 92. It's undisputed that the district court adjudicated Gordon guilty before imposing its initial sentence. The omission of language in § 902.4 granting the district court power to reconsider its earlier judgment adjudicating guilt prevents it from deferring judgment since a deferred judgment would necessarily undo both the previously imposed judgment and sentence. The district court correctly interpreted its authority under § 902.4 when it determined that it could not defer judgment when reconsidering Gordon's sentence. As a result, Gordon's argument that the district court abused its discretion must fail.

We thus affirm Gordon's conviction and sentence and annul the writ of certiorari.

**JUDGMENT AND SENTENCE AFFIRMED; WRIT ANNULLED.**